FRANCIS VOSE, Appellant, *v.* THE FLORIDA RAILROAD COMPANY et al., Respondents.

A sale by a creditor of collateral securities, placed in his hands by the principal debtor, in violation of a stipulation for a particular notice of sale contained in the contract under which they were pledged, does not, *per se*, discharge a surety *in toto* who is liable for the debt, but by such sale the creditor makes the securities his own to the extent of discharging the surety to an amount equal to their value.

(Argued November 18, 1872; decided December 3, 1872.)

APPEAL from a judgment at a General Term of the Supreme Court in the first judicial department, affirming a judgment in favor of the defendants entered upon the decision of the court at Special Term.

The action was brought to recover a balance due on several promissory notes made by the Florida Railroad Company, and indorsed by Yulee, for which balance the other defendants were also claimed to be liable, by reason of transactions particularly detailed in the complaint.

In 1856, Joseph Finnegan & Co. contracted with the Florida Railroad Company to construct so much of the railroad of the latter as lay between Amelia Island, on the Atlantic, and Cedar Keys, in East Florida.

In the execution of the contract Joseph Finnegan & Co. contracted with Vose, Livingston & Co., a firm in New York, composed of the plaintiff and Edward Livingston and Charles L. Perkins, for the purchase of 8,000 tons of iron rails, to be delivered at Fernandina, in Florida.

The substance of this contract, so far as pertinent to the questions discussed, is set forth in the opinion.

Vose, Livingston & Co., under their contract, delivered a large quantity of iron rails at Fernandina, for which Joseph Finnegan & Co. gave their notes, indorsed in part by the defendant, Yulee, amounting to $154,632.22.

In May, 1858, Joseph Finnegan & Co. assigned their contract for the construction of said railroad to the defendant,

Dickerson, and his associates, who assumed the obligations of their assignors to Vose, Livingston & Co., and who were employed by the railroad company as contractors in the place of Joseph Finnegan & Co.

On the 31st of October, 1858, an agreement was entered into between the Florida Railroad Company and Vose, Livingston & Co., whereby the former, after various recitals, agreed to assume the obligations of Joseph Finnegan & Co., in their aforesaid contract with Vose, Livingston & Co., for iron rails, to give its notes for the aforesaid notes given by Joseph Finnegan & Co., with the indorsement of the defendant, D. L. Yulee, on such of its notes as should take the place of the notes he had indorsed—all the notes to be secured by a deposit of bonds of the railroad company, with a right to take any of the bonds in payment, at a rate specified, provided the railroad company should not, within thirty-six hours after notice, redeem such bonds, by paying the notes for which they should be security. In case of default the bonds might be sold to pay the notes.

The contract contained this clause: "The collateral securities now held by the parties of the second part for the payment of the notes of Joseph Finnegan & Co. shall be held by them as collateral security for the payment of said notes to be given by the parties of the first part, in the same manner and with the like effect as if such collateral securities had been originally deposited to secure the payment of the latter notes, and upon default in the payment of such notes the parties of the second part may sell such securities in their discretion, as provided in said paper A (the contract with Finnegan & Co.), and apply the proceeds upon such notes."

The same date, Edward N. Dickerson, assignee, executed a writing expressing a release by him to Vose, Livingston & Co., of all liability under the contract with Joseph Finnegan & Co., and consented and agreed that contract might be retained by Vose, Livingston & Co., as security for the notes to be given by the Florida Railroad Company.

In pursuance of said agreement, release and consent, the

railroad company made and delivered to Vose, Livingston & Co. thirty-three promissory notes, dated November 1, 1858, twenty-seven thereof payable to the order of the defendant, David L. Yulee, twenty-six of them being for $5,000 each, the other for $3,458.93, all amounting in the aggregate to $133,458.93, which were indorsed by the said Yulee at the time they were delivered to the said Vose, Livingston & Co. The said railroad company also deposited with Vose, Livingston & Co., as collateral security for the payment of the notes, 195 bonds of the railroad company for $1,000 each.

In 1860 the firm of Vose, Livingston & Co. was dissolved, and the interests of the firm were transferred to the plaintiff.

On or about the 13th December, 1865, the plaintiff commenced an action against defendant, the Florida Railroad Company, in the Supreme Court of this State, for the amounts due on said notes, and the sale of the said 195 bonds.

The said action was prosecuted to judgment, the bonds were sold by the sheriff of New York, and after applying the proceeds, less costs and expenses, there remained a balance due the plaintiff, February 1st, 1867, of $136,534.63.

In November, 1866, the trustees of the internal improvement fund of Florida took possession of and sold the railroad and property of the railroad company.

The property was struck off to the defendant, Isaac K. Roberts, and the deed on the sale was executed to "Edward N. Dickerson and his associates."

The associates of Dickerson were the other defendants. The court found as conclusions of law, among others, the following:

"That neither Edward N. Dickerson, Marshall O. Roberts, Isaac K. Roberts nor David L. Yulee is liable to Francis Vose for the notes of the original Florida Railroad Company or of Joseph Finnegan & Co."

That David L. Yulee is discharged from his liability to plaintiff as indorser of the notes of the Florida Railroad Company by reason of the sale by the plaintiff of the bonds

deposited as collateral security for said notes, without having given the notice of such sale required by contract.

"That the complaint must be dismissed as to all the defendants, with costs, to be taxed."

To which findings and conclusion the plaintiff duly excepted.

*Theron R. Strong* for the appellant. The cause of action against defendants is perfect. (*West* v. *Am. Ex. Bank,* 44 Barb., 178, 179 ; Code, §§ 149, 168 ; *Hey* v. *Bowles,* 33 How. Pr., 266.) The taking possession and sale of the railroad by the trustees of the internal improvement fund did not terminate the then existing, or create a new, corporation. (2 Bl. Com., 37 ; 2 Kent's Com., 267 ; *Dartmouth College* v. *Woodward,* 4 Wheat., 518 ; *Bank of Augusta* v. *Earle,* 13 Peters, 595 ; *Beekman* v. *Saratoga and Schenectady R. R. Co.,* 3 Paige, 45, 75.) Under section 274 of the Code the plaintiff is entitled to a separate judgment against Yulee. (See *Armitage* v. *Pulver,* 37 N. Y., 494, 501 ; *Harrington* v. *Higham,* 15 Barb., 524, 528 ; *Paine* v. *Ladue,* 1 Hill, 116 ; *Eli* v. *Kilburn,* 5 Den., 514 ; *Brown* v. *Hill,* 1 Denio, 400 ; *Erwin* v. *Saunders,* 1 Cow., 249 ; *Lea* v. *Am. At. and Pa. Canal Co.,* 3 Abb. Pr. [N. S.], 1; see, also, *Slee* v. *Bloom,* 5 Johns. Ch., 367 ; *The Bank of Niagara* v. *Johnson,* 8 Wend., 645 ; *Wilde* v. *Jenkins,* 4 Paige, 481; *Russell* v. *McLellan,* 14 Pick., 63 ; *Revere* v. *The Boston Copper Co.,* 15 Pick., 351 ; *The Boston Glass Manufactory* v. *Langdon, etc.,* 24 Pick., 49 ; 2 Kent's Com., 312, etc., and notes ; 4 Abb. Di. Law of Corporation, 290–296 ; *In re Rankin and Pullan* v. *Fla. At. and Gulf Cent. R. R. Co.,* Bankrupt Reg., 196, 197, 198, June, 1868.) The court erred in allowing evidence contradicting the legal import and effect of the indorsements by Yulee of the notes of Joseph Finnegan & Co. (See authorities before cited ; *Paine* v. *Ladue,* 1 Hill, 116 ; *Ely* v. *Kilburn,* 5 Denio, 514 ; *Brown* v. *Hill,* 1 Denio, 400 ; *Erwin* v. *Saunders,* 1 Cow., 249.)

*Edward N. Dickerson* for the respondents. The old company is dead by the seizure and sale of its franchise. (*Mumma*

v. *Potomac Co.*, 8 Peters, 285 ; *Comm.* v. *Cen. Passage Railway*, 52 Penn. State, 506.)  The defence that the indorsement by Yulee was given for a specific purpose and not to create an absolute contract of liability is good under the Code. (*Despard* v. *Walbridge*, 15 N. Y., 375 ; *James* v. *Johnson*, 6 Johns. Ch., 417; *Miller* v. *Henderson*, 10 Serg. & Rawle, 290.)  The sale of the bonds without notice discharged the indorsee.  (*Markham* v. *Jaudon*, 41 N. Y., 239 ; *Wheeler* v. *Newbold*, 16 id., 395 ; *Wilson* v. *Little*, 2 id., 443.)

Andrews, J.   By the contract made between Vose & Co. and Finnegan & Co., for the sale by the former to the latter of iron, to be used in the construction of the Florida railroad, the contractors agreed to deposit with Vose & Co. first mortgage bonds of the Florida Railroad Company, guaranteed by the internal improvement fund of the State of Florida, and also Freeland bonds of the company, as security for the payment of the purchase-price of the iron to be delivered under the contract.

The payment for 2,000 tons of the iron was to be further secured by the notes of the contractors indorsed by the defendant Yulee.

The contract contained a provision that if the notes should not be paid at maturity, the holder should be authorized to sell the bonds at the brokers' board, or at public or private sale, on giving five days notice to Messrs. Riggs & Co. of New York, " except those deposited with notes indorsed by D. L. Yulee, the defendant, for which thirty days notice to J. T. Souter, New York, is to be given before sale."

By the contract of the 31st October, 1858, between Vose & Co. and the Florida Railroad Company, the notes of the company indorsed by the defendant Yulee were to be substituted for the notes of Finnegan & Co., indorsed by him, then held by Vose & Co., and it was provided that the securities held by Vose & Co. as security for the latter notes should remain as security for the notes to be substituted therefor, and that upon default in their payment the securities might be

sold by Vose & Co. as provided in the contract with Finnegan & Co., and the proceeds applied upon the notes.

The latter contract was assented to by the parties representing Finnegan & Co., and it in substance limited the authority to sell the collateral securities, as in the original contract.

The referee found that, bonds deposited as security under the contract of Finnegan & Co. were sold by Vose & Co. without giving the notice required thereby, and that by such sale without notice the defendant Yulee was discharged from his liability as indorser.

Assuming that the fact found by the referee was authorized by the evidence, the question arises whether a sale by a creditor of securities for the debt, placed in his hands by the principal debtor, in violation of a stipulation for a particular notice contained in the contract under which they were pledged, discharges *per se* a surety who is liable for the debt.

The defendant Yulee indorsed the notes for the accommodation of Finnegan & Co., and was a surety and entitled to the protection of the rules of law applicable to that relation. (*Pitts* v. *Congdon*, 2 Comst., 352.)

The rule is well settled that the creditor cannot, without the assent of the surety, by any agreement with the principal, change the contract, or affect the remedies of the surety against the principal debtor, without discharging the surety.

If the creditor releases the principal debtor, the surety is discharged, because he is thereby deprived of any remedy over in case of the payment of the debt by him, and the obligation of the surety is in general only coextensive with that of his principal, and if the time of payment is extended he is discharged, because the remedy of the surety thereby becomes more uncertain, and to continue his liability would be to hold him to the performance of a contract to which he has not assented. (Theobald on Principal and Surety, 152.)

Where collateral securities are held by the creditor for the debt, he holds them in trust for the surety, who is entitled to their benefit, and to have them applied in extinguishment

*pro tanto* of his liability, and he is entitled to the benefit of any stipulations made between the creditor and the principal debtor, designed to prevent their sacrifice. And in case of the payment of the debt by the surety, he has the right of substitution, and can compel the creditor to assign them for his indemnity.

The creditor has no right to release or discharge the securities, and throw upon the surety the burden of the debt which might otherwise have been paid in whole or in part out of the property of the person primarily liable.

The decision of the court in this case proceeded upon the ground that the sale of the bonds by Vose & Co., without the notice provided in the contract, worked an absolute discharge of the surety irrespective of the value of the bonds, and operated to the same extent upon his rights as if the contract upon which he was liable had been changed without his assent. We do not think that this position can be maintained upon principle or authority.

When the contract upon which the surety is liable has been changed by an extension of the time of payment without his assent, the court will not inquire whether actual injury has resulted to him. That inquiry would be a difficult one, and in many cases would not depend upon the fact of the solvency of the principal at the time when the original contract matured.

In this case the creditor meddled with the securities in a manner contrary to his stipulation, and he should be held to have made them his own to the extent of discharging the surety to an amount equal to their value.

The act of the creditor did not change the contract upon which Yulee was surety, and the rights of all parties will be fully protected if it shall be held that the debt was discharged to the extent of the value of the bonds sold in contravention of the contract. It is not difficult to measure the loss actually sustained by the conversion, or misapplication by the creditor of the securities in his hands. It would be contrary to equity to discharge the surety *in toto* in consequence of a

release by the creditor of a security without reference to its value. The authorities confirm this view of the rights and obligations of the respective parties. (Story Eq. Jur., § 326; *Capel* v. *Butler*, 2 Sim. & Stu., 457; *Law* v. *East India Co.*, 4 Ves., 833; *Payne* v. *Com. Bank of Natchez*, 6 Smedes & Mar. 24; Neff's Appeal, 9 W. & S., 36.)

We are, therefore, of opinion that the surety was discharged by the sale of the bonds in this case to the extent only of their value, and that the decision cannot be supported upon the ground upon which it was placed by the court.

It is now claimed that the complaint was properly dismissed as to the defendant Yulee, for the reason that the action was not brought to enforce his liability as indorser, and that a recovery against him in that character was not authorized by the case made by the complaint, and was not within the relief demanded. The foundation of the action was the debt owing to Vose & Co. For this debt the notes of the Florida Railroad Company had been given, indorsed by the defendant Yulee, upon which judgment has been recovered against the corporation.

The complaint alleges the making and indorsement of the notes, and generally all the facts essential to charge the indorser.

The other defendants were charged in the complaint with liability for the debt, upon the ground, among others, that they had assumed its payment.

No special relief was asked against the defendant Yulee; but the issue as to his liability as indorser was made, tried and decided, and no question of misjoinder of parties or of causes of action was made at any stage of the litigation. It is now too late for the defendant Yulee to interpose an objection to a recovery based on the form of the action or the failure to demand specific relief against him as indorser. (Code, § 275; *Marquat* v. *Marquat*, 12 N. Y., 336; *Belknap* v. *Sealey*, 14 id., 143; *Greason* v. *Keteltas*, 17 id., 491.)

The judgment in favor of the defendant Yulee is also sought to be supported on the ground that the referee having

found that bonds in amount nominally exceeding his liability as indorser were deposited as security for the debt, and that Vose & Co. disposed of them without authority, it is to be presumed in support of the judgment that they were of value equal to their face, and that in consequence, upon the principle already adverted to, the liability of the indorser was extinguished. Bonds and negotiable instruments, as against a wrong doer, who has converted them, will in the absence of specific proof be presumed to be worth the amount secured by them.

But the referee in this case did not pass upon the question of the value of the bonds. His conclusion is not based upon the fact that they were of equivalent value to the debt, but distinctly upon another ground, viz.: that the sale without notice *per se* discharged the indorser.

The fact found by the referee affords, in the absence of other evidence, a presumption from which a fact not found might be inferred, but the fact found does not support the judgment, and by reference to the evidence it is clear that the referee would not have been justified in finding that the value of the bonds was equal to the debt.

It would be unjust to sustain the judgment on a ground not suggested or passed upon, and unsupported by the proof. But there is another answer to this claim. The stipulation requiring thirty days notice of the sale applied only to bonds held by Vose & Co., as security for the notes of Finnegan & Co., at the time when the contract between Vose & Co. and the Florida Railroad Company was made.

The bonds sold by Vose & Co. were deposited with them, after the contract with the corporation was made, and were not held subject to the stipulation as to notice. These bonds were sold in proceedings against the Florida Railroad Company, and the amount for which they were sold was credited on the debt for which the defendant Yulee was liable.

It does not distinctly appear what securities were held by Vose & Co. when the stipulation for notice was made, but the evidence authorizes the inference that securities were then

held by Vose & Co. under the contract with Finnegan & Co.

The judgment dismissing the complaint against the Florida Railroad Company must be affirmed. It appears from the complaint that judgment had been obtained by Vose & Co. upon the debt against the corporation, and no relief is asked, nor do the facts disclose any ground for relief against the company. Whether the property purchased on the sale by the State of Florida, of the franchise and assets of the company, remains liable for the debt of Vose & Co., can be properly determined when they shall attempt to enforce the debt in the courts of the State where the property is located.

The judgment should be reversed as to the defendant Yulee and affirmed as to the other defendants.

All concur except ALLEN and GROVER, JJ., not voting.

Judgment accordingly.