By the Court.—Curtis, Ch.
—The defendant *123 having consented to the making of the compromise between the plaintiff and Richard W. Frost, with reference to the two notes, amounting to §1,250, made by him and indorsed by her, and agreeing to remain liable as indorser on the same, to the full amount, or until paid, is not in a position to dispute her liability as indorser, unless she is discharged by some act on the part of the maker, or the plaintiff, having in law the effect of releasing her from this agreement.
It is contended by the plaintiff, that this consent of the defendant was in general terms, and does not, and was not intended to limit the parties to any particular terms or manner of‘compromise as a condition of the indorser remaining liable. The evidence in the case tends to show the contrary. The consent of the defendant was made on June 22, 1874, and upon its face refers to some existing agreement of compromise between the plaintiff and .the maker of" the notes, of. which the defendant is aware, and apparently in consequence of which the defendant signs the consent. The composition agreement between the maker of the notes and his creditors, including the plaintiff, to accept fifty cents on the dollar in his notes for their respective claims, appears to have been made some time prior to July 1, 1874, and seems to be the agreement referred to in her consent, and not the one entered into on July 14, 1874, by which the plaintiff releases the maker from all claims against him in consideration of one hundred cents on the dollar in his notes. As this latter transaction was a departure from the terms of the composition agreement, and occurred over three weeks after the defendant signed the consent, it must, in the absence of proof to the contrary, be assumed that it was entered into without the knowledge or concurrence of the defendant, and that her agreement to remain liable was based upon the existence and fulfillment of *124 the composition agreement referred to in the instrument executed by her.
If the plaintiff elected to make a new compromise, and take new notes from the maker, and to release him the original notes, the indorser is released, .notwithstanding any reservation as to her liability as indorser which the plaintiff and the maker may agree upon without her assent. If the plaintiff wished to hold the defendant as indorser, the composition in reference to the making of which she consented to remain liable as such should not have been abandoned. Her consent extended to no other compromise than that referred to in her consent, and the substitution of a different one was a breach of the condition on which she consented to remain liable, irrespective of the question whether she would be benefited or not by the substitution.
It is also evident that the plaintiff by entering into this second composition agreement with the maker of the notes, and discharging him from all liability thereon, placed itself in the position where it was obliged to satisfy the judgment it held against the maker as collateral security for the original notes, after having-issued execution and having caused a levy to be made on the property of the maker, thus depriving the defendant of the benefit of this collateral security, and destroying its value, without the assent or knowledge of the defendant. It is well settled that a creditor cannot, without the assent of the indorser, by any agreement with the maker of the note, change, as in this case, the original contract, or affect the remedies of the indorser against the maker, without discharging the indorser ; nor has the creditor the right to release and discharge the collateral securities, and collect from the indorser what should have been paid out of the property of the maker who is primarily liable (Vose v. Florida R. R. Co., 50 N. Y. 374; Bangs v. Strong, 10 Paige, 16).
*125 It is apparent that the plaintiff, having signed the composition deed, is debarred from profiting by any private agreement that secures to it any advantages that are not shared in by the other creditors. The act of the plaintiff in taking additional security is in violation of that good faith, that all were to share alike, which naturally induced the other creditors to sign, and the realization of its additional security to that extent diminishes the ability of the debtor to comply with his agreement with the other creditors. Such an agreement for additional security is a fraud upon the other creditors, and consequently all the notes that were given as the fulfillment of such an agreement are illegal and void (Breck v. Cole, 4 Sandf. 79).
The plaintiff having taken, in lieu of the original notes, these notes that were fraudulent and void, has destroyed the value of what the defendant would be entitled to be subrogated to, and by its own acts has prevented the defendant from ever being in a position to enforce them against the maker. To hold the surety liable after such acts on the the part of the creditor, would be inconsistent with the requirements of good faith, and conflict with established legal principles.
The remaining exception presented by the appellant, was to the admission of a question addressed to a witness at the trial; but as no ground was then stated for objecting, there is no occasion for considering it.
The plaintiff’s exceptions are overruled, and the defendant is entitled to judgment upon the verdict, with costs.
Sanford, J., concurred in the result.