NEW NETHERLANDS BANK OF NEW YORK, Respondent, *v.* CARL DERNBURG, Appellant, Impleaded with SYLVAN M. DERNBURG, Defendant.

First Department, July 6, 1923.

Guaranty — action to recover on guaranty of obligations of corporation — defense that collateral deposited with plaintiff by corporation was sold before maturity of claim — judgment should not have been granted on pleadings.

A judgment in favor of the plaintiff should not have been granted on the pleadings in this action to recover on a written guaranty by defendants to pay all obligations, present, past and future of a corporation, since the defense interposed to the effect that the plaintiff sold certain collateral deposited with it by the corporation before the claim against the corporation was due constituted a good defense in law.

APPEAL by the defendant, Carl Dernburg, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 25th day of January, 1923, granting plaintiff's motion for judgment on the pleadings.

*Silver & Moskowitz* [*Robert L. Turk* of counsel], for the appellant.

*Morris & Samuel Meyers* [*Samuel Meyers* of counsel; *H. H. Breland* with him on the brief], for the respondent.

FINCH, J.:

Plaintiff sues on a written guaranty by defendants to pay all obligations, present, past and future, of a corporation. The com-

plaint alleges advances and loans to said corporation aggregating $13,008.27, and sets forth a particular agreement whereby, in consideration of plaintiff's accepting a draft for $10,000, there was deposited with the plaintiff by the corporation as collateral a receipt for 5,000 Kolinsky skins costing $17,085 with the right in the plaintiff to sell said collateral at public or private sale without notice or demand upon any non-performance by the corporation.

The first defense alleges that the collateral deposited as aforesaid was sold by the plaintiff before the maturity of the draft and that the plaintiff thereby converted the same.

The second defense alleges that before the maturity of the draft said corporation "was petitioned into involuntary bankruptcy;" that plaintiff extended the time of payment of the obligations of said corporation and agreed not to sell the collateral until after defendants had had an opportunity to dispose of the same, but that plaintiff without notice sold said collateral for $200, although it was worth about $12,500 at the time of the sale, and thereby converted the same.

Apparently the Special Term did not pass on the merits of the defenses but granted the motion for judgment on the ground that said defenses were not available to the defendants, although perhaps available to the corporation.    This was error, because any improper dealing with collateral deposited to secure an indebtedness guaranteed by another is available to the guarantor as a defense. (*Vose* v. *Florida R. R. Co.*, 50 N. Y. 369.)    The guarantors are in the position of a surety and hence have rights in the collateral which prevent its being sold until the debt is due.    If the guarantors are called upon and pay the debt, they thereupon become subrogated to the rights of the principal debtor in the collateral. (*Vose* v. *Florida R. R. Co.*, *supra*.)    It is true that in the second defense the defendants allege that before the maturity of the draft, the corporation, the principal debtor, " was petitioned into involtary bankruptcy."    The first defense, however, is not in any way predicated upon the bankruptcy and it may well be that in that defense the defendants intend to rely upon disproving any issue of bankruptcy and their allegations afford them that opportunity.

Since the first defense is good, it follows that the court could not grant judgment on the pleadings.    The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Clarke, P. J., Smith, Merrell and Martin, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.