Arnold L. Fein, J.
This is a motion by plaintiff for summary judgment on defendant’s written guarantee of a $750,000 loan.
In July, 1968 a loan agreement was entered into between plaintiff Royal Business Funds .Corporation (Royal) and J. A. Maurer, Inc. (Maurer). The loan was secured by Maurer’s collateral pledge agreement covering all the outstanding stock of Precision Film Laboratories, Inc. (Precision) and Abrams Instrument Corp. (Abrams), both wholly owned subsidiaries of Maurer. The outstanding stock of Maurer, held by defendant Daniel R. Ehrlich .(Ehrlich) and his two daughters, was pledged as additional collateral. Ehrlich, Precision and Abrams each executed agreements of guarantee to plaintiff. Ehrlich’s guarantee is the subject of this lawsuit.
In May, 1970 upon Maurer’s default in payment, Boyal foreclosed on the Precision and Abrams stock. In February, 1971 Boyal purchased this stock for $10,000 at the foreclosure sale. At a second foreclosure sale, in September, 1972, Boyal purchased for $1,000 all the shares of Maurer. Ehrlich and his daughters then brought an .action against Boyal, commenced by service of a summons and an order to show cause to vacate the sale of the Maurer stock at the second foreclosure sale, and to restrain and stay any further sale of such shares. By order dated November 2,1972 Mr. Justice Warner of this court denied in all respects, the relief requested stating: ■“ The sale of the subject stock was perfectly proper, and the moving papers are completely devoid of any meritorious ground to warrant the drastic relief sought ’ ’.
A complaint was then served in that action containing five causes of action. The first cause alleged improper sale of the stock of Precision and Abrams. The .second cause .alleged that, subsequent to that sale, Boyal mismanaged those corporations and caused and permitted waste and inefficiency. The third cause claimed that Boyal improperly sold the stock of Maurer. The fourth cause, very similar to the first and third, alleged that Boyal ‘ ‘ fraudulently contrived the sales of stock' of Maurer, Abrams and Precision ” and that Boyal failed to properly advertise the sale and did not obtain the, true value of the stock *307 upon the sales. The fifth cause alleged that Boyal managed Maurer, Abrams and Precision in such an improper and negligent manner that great losses were incurred by such corporations, and that Boyal, ‘ ‘ made expenditures that were unnecessary, improper and to the detriment of the assets of the corporations ”.
In that action, Boyal moved for summary judgment alleging that: (1) the sales were required to protect its interests and were conducted pursuant to the applicable statutes; and (2) Boyal proceeded lawfully and properly as to both the sales and management of the companies. The motion was granted and the case dismissed by order of Mr. Justice .Chimera of this court, dated March 12,1973, pursuant to a decision (Feb. 13,1973) finding that the plaintiffs, Ehrlich and his daughters, merely reiterated the allegations of the complaint and did not “lay bare ’ ’ proof sufficient to defeat the motion.
In October, 1972 prior to the decision of Mr. Justice Chimera in that action, Boyal commenced this action by motion for summary judgment in lieu of complaint which was denied by Mr. Justice Korn (N. Y. L. J., Nov. 29,1972, p. 17, col. 8), who ruled there were triable issues as to the propriety and validity of the sales of1 the collateral. Boyal now contends that the subsequent determination of Mr. Justice Chimera, in the other action, between the parties, resolved all questions of fact so as now to entitle Boyal to summary judgment despite the prior denial by Justice Korn. Ehrlich alleges in opposition that the prior litigation did not resolve the issues presently before this court, in that there are issues of fact as to whether Boyal intentionally depleted corporate assets prior to the foreclosure sales thereby diminishing the value of the stock which was pledged and foreclosed.
In support of this claim, Ehrlich submits copies of two series of corporate checks, allegedly issued to persons who rendered nó services to Maurer. In support of his claim that this distribution of corporate funds was an intentional depletion of Maurer’s assets, Ehrlich submits an affidavit of a handwriting expert to the effect that the endorsements on the backs of these checks were probably made by the same person, although the checks were payable to different payees.
Proof of such acts might provide a defense to this action (Sterling Factors Corp. v. Freeman, 50 Misc 2d 715, affd. 27 A D 2d 956; New Netherlands Bank of N. Y. v. Dernburg, 206 App. Div. 212; Uniform Commercial Code, § 9-207). However, Boyal asserts that Ehrlich is collaterally estopped from alleging *308 them as a result of the determinations in the other action. In the complaint in that action, Ehrlich and his daughters alleged that Royal, among other things, “ mismanaged the operations of the corporation, mishandled its funds “ created and permitted waste and inefficiency to exist”, and “ made expenditures that were unnecessary ’ ’.
To invoke collateral estoppel, it must be shown that: (1) there is an identity of issue, necessarily decided in the prior action; and (2) there was, in the prior action, a “ full and fair opportunity to contest the decision now said to be controlling” (Schwartz v. Public Administrator, 24 N Y 2d 65, 71). Ehrlich now contends he did not have “ a full and fair opportunity to contest the decision” because of inadequate representation by his previous counsel upon the summary judgment motion before Mr. Justice Chimera. The competence and experience of counsel is one of the criteria set forth in Schwartz (supra) for making a determination as to the conclusiveness of the prior determination. Such a claim must be supported by more than mere allegations. Ehrlich now alleges that certain evidence as to the invalidity of the foreclosure sale as well as the evidence of depletion of corporate assets was not submitted to the court in the other action. He attributes this failure to prior counsel.
Both of' these issues were within the compass of the pleadings and motions in the other action, which should ordinarily provide a basis for invoking collateral estoppel. However, this doctrine should not be applied with “ mechanical rigidity ”. (Ordway v. White, 14 A D 2d 498, 502.)
Although Ehrlich’s present defenses were at issue as part of his affirmative claims in the other action the evidentiary support was never specifically advanced in that action. It is of significance that the determinations in the other action were upon motions. The decisions of Justices Warner and .Chimera in that action make note of the insufficiency of Ehrlich’s papers therein. Óf more moment is the dramatic decrease in the value of the collateral, rioted by Mr. Justice Korn in denying Royal’s initial motion for summary judgment in lieu of complaint in this action. There “ is a legal presumption that the security equals the amount of the debt”. (Sterling Factors Corp. v. Freeman, 50 Misc 2d 715, 720, supra.) The drop in value of the collateral from $750,000 to $11,000 coupled with the evidence in support of the defenses not raised on motions in the other action indicates there are triable issues as to the validity of plaintiff’s cause of action requiring a plenary trial. Such issues should not be tossed off on motion by the rigid application of *309 collateral estoppel in reliance on decisions determining motions in the other action, where there are palpably factual issues which may provide a defense. There has never been an actual trial of these issues. Accordingly, plaintiff’s motion for summary judgment is denied.