Avery Babbett, Respondent, v. Calvin Young, Appellant.

A party to a written contract who contracts in his own name, with nothing in the contract to indicate that he is acting for another, will not be permitted to prove by parol that he was, in fact, to the knowledge of the other party, acting as agent simply.

Under the provisions of the act of congress of June 30, 1864 (§ 97, 13 U. S. Stat. at Large, 270), which provides that every person who shall have made a contract prior to the passage of the act, for the delivery of manufactured articles, is authorized to add to the contract-price any duty subsequently imposed, and to sue for and recover the same accordingly; a person contracting to manufacture and deliver certain machinery upon which, after the making and before the delivery, an increased tax or duty is imposed, is authorized to add the amount of the increase to the contract-price, and can sue for and recover the same without having himself first paid it.

(Submitted May 22, 1872; decided September term, 1872.)

Appeal from judgment of the General Term of the Supreme Court in the seventh judicial district, entered upon an order denying a motion for a new trial and directing judgment in favor of plaintiff upon a verdict. (Reported below, 51 Barb., 466.)

This action was brought to recover a balance alleged to be due on a contract between the parties for the manufacture and delivery by the plaintiff to defendant of certain machinery, and for the rise after the contract was made in the price of material used in making the machinery, as well as the increased tax to which he was, by an act of congress, passed June 30th, 1864, made liable.

On the trial, it appeared that the parties entered into an agreement, bearing date the eighth of April, 1864, but which was not signed by them until about the fourth of the following month. That by it the plaintiff agreed to furnish and deliver to the defendant certain machinery, at a specified price, on or before the first day of August then next. The defendant was, at any time the plaintiff should require it, to pay him $4,500 for the payment of help or the purchasing of material for the work, and the balance on the completion of the job. It was also provided that defendant should,

in addition to the price to be paid for the machines, pay to the plaintiff whatever rise there might thereafter be in any stock or material necessary to build the machinery, provided the plaintiff should have to purchase such stock or material; and in view of the great scarcity of help of a suitable kind to execute the work, it was agreed that in case the plaintiff should use proper diligence to complete the same by the first of August, and should fail, he should not be liable to pay damages if he should have the last machine ready for delivery on or before the first of October.

The plaintiff in his complaint alleged that he duly furnished and delivered to the defendant, who accepted the same, all the machines he was to furnish in pursuance of this contract, and proved that he commenced work immediately after the contract was signed, and worked as rapidly as he could with suitable help, and delivered to the defendant in September or the first of October a portion of the machinery, and the residue on thirtieth of the following month (November, 1864). That prior to the delivery of any of it, the defendant called upon him and wished to be informed when he could have a portion of it. A day was fixed upon, and the defendant upon that day sent for it and took it away. That the carman who took it the plaintiff had seen engaged for Barber, Sheldon & Co., to whom the machinery was to be delivered, and that the last machines delivered were ready for delivery nearly a week before they were taken away. It appeared that the purchase of materials occurred at intervals, from soon after the time the contract was signed until the first of October, and that the rise upon them, after signing the contract, amounted to $423.29. The plaintiff offered to prove the amount of the increased tax upon the machinery delivered under the contract imposed by the act of 30th June, 1864, to which the defendant objected upon the ground that the plaintiff, in order to recover the tax imposed, must prove its actual payment, which objection was overruled, and the defendant excepted. The plaintiff proved that the tax imposed amounted to $105.95, and it appeared that he had not paid it. The whole value

of the machinery delivered at the contract prices amounted to $5,295, $4,500 of which was paid by the defendant in the checks of Barber, Sheldon & Co. Upon this state of evidence the defendant moved that the plaintiff be non-suited on the ground that the complaint being to recover on a special contract to make and deliver machinery, all of which, by its terms, was to be delivered on or before a certain day, and inasmuch as it had not been delivered or ready for delivery until after the time specified in the contract, no recovery could be had under the pleadings. The motion was denied, and the defendant excepted.

The defendant set up in his answer and offered to prove that the machinery embraced in the contract was intended for the use of Barber, Sheldon & Co., and that it was well understood by the plaintiff when the contract was executed that all the machinery, when it should be finished, was to be delivered to them, and not to the defendant, and that it was to be paid for by them; and that the plaintiff knew, at the time the contract was entered into, that it was executed by the defendant as the agent of that firm, and that they were greatly injured by reason of the machines not being delivered as and when they should have been by the terms of the contract, and because they were not finished in a workmanlike manner. The defendant limited his claim to damages to the damages which had accrued to that firm. The evidence was objected to by the plaintiff and excluded by the court, and the defendant excepted.

The defendant then insisted: 1st. That the evidence tended to prove a non-fulfillment of the contract by the plaintiff.

2d. That whether the defendant had accepted and received the machinery under and in performance of the contract was a question for the jury, and asked that each of the two propositions be submitted to the jury, but the court declined to submit either, and the defendant duly excepted, and thereupon the court instructed the jury to find for the plaintiff $855.70, principal and interest, for balance of machinery, and $105.95, being two per cent additional tax upon the value of the

Statement of case.

machinery made and delivered, to which the defendant excepted upon the ground that the plaintiff had not proved that he could not with due diligence on his part have made and delivered some portion of the machinery before the tax became assessed, and asked the court to submit that question to the jury. The court declined; and the defendant excepted. Defendant asked the court to instruct the jury that the plaintiff, not having paid the additional tax, could not recover it of the defendant. The court declined, and the defendant excepted. The defendant also excepted to so much of the charge as included the plaintiff's right to recover the $423.29 for aggregate increase in price of stock paid by plaintiff, and requested the court to charge that unless they should find from the evidence that the plaintiff used due diligence in the purchase of the materials after the execution of the contract, he could not recover if the same could have been purchased without such rise by the use of due diligence. The court declined so to charge, and the defendant excepted. Thereupon under the charge and direction of the court the jury rendered a verdict in favor of the plaintiff for $1,385. The case and exceptions were ordered to be heard in the first instance at the General Term and judgment in the meantime stayed.

*D. Wright* for the appellant. Plaintiff could not recover; the contract had not been fulfilled, and defendant had not accepted the property contracted for. (*Evans* v. *Harris*, 19 Barb., 425; 19 J. R., 205; 7 Cow., 85.) Defendant is entitled to recoup for plaintiff's deviations from the contract. (*Demott* v. *Jones*, 2 Wall., 9; *Van Buskirk* v. *Stow*, 42 Barb., 10; 2 Pars. on Con., 660, 5th ed.)

*Richard C. Steel* for the respondent. Defendant's offer to prove damages to Barber, Sheldon & Co. was properly overruled. (*Pumpelly* v. *Phelps*, 40 N. Y., 59; *White* v. *Aub. City Bank*, Ct. App., June term, 1869; *Aub. City Bank* v. *Leonard*, 40 Barb., 119.) There was no question for the jury. (*Story* v. *Brennan*, 15 N. Y., 524; *Wilds* v. *H. R. R. R. Co.*, 24 id., 433.)

GRAY, C. The motion for a nonsuit was properly over-ruled. The allegation in the complaint was that the machines were delivered by the plaintiff and received by the defendant in pursuance of a contract. The evidence so nearly supported the allegation as to show that all the machines were delivered, and although not within the specified time, yet that they were received and accepted by the defendant. If the proofs did not in substance sustain the allegation, the variance was so slight as to forbid even a pretence that it had misled the defendant, and hence was properly disregarded. (*Lounsbury* v. *Purdy*, 18 N. Y., 515; *The Bank of Havana* v. *Magee*, 20 id., 355, 359.) The agreement on the part of the defend-ant was to pay the plaintiff whatever rise there might be in any stock or material, after the contract was made, necessary to build the machines. The proof is that a rise occurred, and that after it occurred the defendant made purchases of articles not on hand, and such as were necessary to enable him to complete his work. There was no sufficient evidence to justify a jury in finding that in making the purchases the defendant lacked the diligence which a man of ordinary dili-gence would have exercised in making purchases on his own account, and hence the request to submit that question to the jury was properly refused. The evidence that the machines were such as the contract required, and that they were deliv-ered to and accepted by the defendant, was sufficient uncon-tradicted to entitle the plaintiff to recover, and hence no error was committed in refusing to submit that question to the jury. The proposition that the contract was made by the defendant in the exclusive interest of Barber, Sheldon & Co., as their agent, and that it was known to the plaintiff when he signed it, was, as I understand the offer, proposed to be established not by any writing to which the plaintiff was a party, but by parol. Such being the case, the offer was properly overruled. (*Auburn Bank* v. *Leonard*, 40 Barb., 119, 136, affirmed in the Court of Appeals, MS. opinion by LOTT, J.)

The remaining and more doubtful question, because the jus-tice of the ruling excepted to is not so apparent, is upon the

right of the plaintiff to recover the increase of government duties, imposed by the act of congress of the 30th June, 1864, upon the machines in question after the contract for their delivery was entered into; the duties not having been first paid by the plaintiff. By a prior act a duty of three per cent on such articles as those embraced in this contract, which by the act of June 30th, 1864, was increased to five per cent, and to protect any party who might theretofore have contracted to deliver them, authority was given to add to price thereof "so much money" as would be equivalent to the increase subsequently imposed, "and to sue for and recover the same accordingly." It would not be difficult to assign reasons why such recovery ought not to be had until the plaintiff had paid the increase and thus suffered loss by its imposition, to be recompensed by the amount paid and interest. Whatever reasons might be urged would be such as might have been urged against the passage of the act rather than in favor of the ruling asked for by the defendant. No question is raised as to the right of congress to pass the act. The right to add the amount of the increased duties to the contract price of the articles to be delivered is expressly given by the act, as well as the right to sue for and recover the same "accordingly," or in other equivalent words, as if the sum equivalent to the increased duties had by the terms of the agreement been included in the price to be paid.

Such, in my judgment, is the only interpretation of which this provision of the act is susceptible, and hence the judgment appealed from should be affirmed.

All concur.

Judgment affirmed.