ISAAC N. PHELPS and Others, Plaintiffs, v. ROBERT B.
BORLAND, Defendant.

No. 1.

*Bill of exchange — one apparently liable, individually, cannot show that he intended to
act as an agent for another party to the bill — foreign bankrupt proceedings — not
valid here as against a citizen who took no part therein.*

This action was brought against the drawer of a bill of exchange, which was
drawn in New York upon persons residing and carrying on business in Liver-
pool. It was drawn to the order of and indorsed by the drawer. Upon the trial
the defendant sought to prove that in drawing the bill he acted as the agent
of the drawees, and that the plaintiffs had notice of this fact when they
received it.

*Held*, that as there was nothing upon the face of the bill or in the signature of
the drawer to show that he only intended to become a party to the bill in his
capacity of agent, the evidence was properly rejected.

Before accepting the bill the drawees became bankrupt and were discharged by
their creditors by virtue of a compromise accepted by them, as prescribed by the
English bankrupt act. The amount due upon this draft, as also the amounts
due upon other similar drafts which had been accepted by the drawees and
were held by the plaintiffs, were included in the schedules prepared by the
bankrupts.

In these proceedings the plaintiffs proved all their claims, except that founded
upon the draft now in suit, and accepted the dividends paid upon them, none
being paid upon this draft.

*Held*, that as the plaintiffs were citizens of this State, and as they had not proved
or received a dividend upon this claim, the drawer could not set up the dis-
charge of the drawees in the English bankruptcy proceedings as a defense to
this action.

MOTION for a new trial upon exceptions, ordered to be heard in the first instance at the General Term, after a verdict had been directed in favor of the plaintiffs.

The action was brought against the defendant, as drawer of a bill of exchange for £1,500 upon the firm of Samuel Johnston & Co., of Liverpool, which the plaintiffs discounted. The answer set forth the defense that the bill was drawn by the defendant in a representative capacity, as agent for said Samuel Johnston & Co., on their behalf and in their business ; that it was discounted on their credit alone, and that the defendant had no interest in it; all of which was known to the plaintiffs. The supplemental answer alleged the failure of the firm of Samuel Johnston & Co., their proceedings in bankruptcy at Liverpool ; that the plaintiffs voluntarily proved their claim in those proceedings, accepted the dividend declared by the estate and released the said debtors.

Upon the trial it appeared that the drawees, who had not accepted the bill, were discharged by composition proceedings, instituted as provided in the English bankrupt act, and that this draft, together with other similar ones held by the plaintiffs, were set out in the schedules prepared by the bankrupts.

The evidence further showed the proof by the plaintiffs in those proceedings of their entire claim, exclusive of the draft in suit, and their acceptance of the dividend paid in the composition proceedings in accordance with the resolutions, no dividend being made on the draft in suit. The regularity of the proceedings was conceded, as was also the fact that the composition was carried out by the debtors, and that the plaintiffs are citizens of New York.

*Thomas H. Hubbard,* for the plaintiffs.

*Frank D. Sturges,* for the defendant.

DANIELS, J.:

The action was brought to recover the amount of a bill of exchange drawn by the -defendant, resident in the city of New York, upon Samuel Johnston & Co., of Liverpool, for the sum of £1,500, and made payable in London.

The bill was protested for non-acceptance, and upon trial of the

action the defendant was held liable as the drawer. It was in the following form:

NEW YORK, *June* 6, 1879.

Sixty days after sight of this first of exchange (second and third of same tenor and date being unpaid)· pay to my order the sum of fifteen hundred pounds sterling, value received, and charge to account as advised.

R. B. BORLAND.

To Messrs. SAMUEL JOHNSTON & Co., *Liverpool:*

No. 406.   Payable in London.

Indorsed: R. B. BORLAND.

Margin.   Advice of draft.

To Messrs. SAM'L JOHNSTON & Co., *Liverpool:*

No. of draft 406; date, June 6, '79; amount, £1,500; against shipts. per sch. N. Hand, Balt. to Fern'o.

Please protect the draft as advised above and oblige drawer.

R. B. BORLAND.

NEW YORK, *June* 6, 1879.

The defendant gave evidence showing that he acted in the transaction out of which the bill originated as the agent of the drawees, and tending to show that notice of that fact was given to the plaintiffs before they received it.   But the court declined to submit the point to the jury whether the defendant was or was not the agent of the drawees and, in that capacity only, a party to the bill.   This ruling was legal and proper, for the fact was not shown upon the face of the instrument or by the signature of the defendant that he intended only to become a party to the bills in his capacity of agent. While he was in fact the agent of the drawees in the transaction of their business, it was still competent for him to make himself a party to this paper in such a manner as to become personally bound for the payment of the debt.   And by omitting to subscribe it as the agent of· the drawee, or in any other manner to state in it that he intended only to contract in that capacity, he did bind himself personally for the payment of the bill    The law upon this subject has been stated to be " that bills and notes and writings under seal, signed by an agent in his own name, bind him exclusively " (Whart. on Agency, § 504); "and that an agent's contract in order to bind

the principal must be in the principal's name, is a conclusion which results from the nature of the transaction itself." (Id., § 280.) This rule was deemed to be the settled law and was so stated by Parsons (vol. 1) on Bills and Notes, 92, where it was declared that " if the agent sign the note with his own name alone, and there is nothing on the face of the note to show that he acted as agent, he will be personally liable on the note and the principal will not be liable. And although it could be proved that the agency was disclosed to the payee when the note was made, and that it was the understanding of all the parties that the principal and not the agent should be held, this will not generally be sufficient either to discharge the agent or to render the principal liable on the note."

In a more general form the same point was considered in *Babbett* v. *Young* (51 N. Y., 238), and it was held that parol proof was not admissible to show that a person who had become a party to a contract by subscribing it with his own name, to prove that he acted in doing so only as the agent of another person. And the case of *Auburn City Bank* v. *Leonard* (40 Barb., 119), afterwards affirmed by the Court of Appeals, is to the same effect. Under the circumstances of this case the court very properly, therefore, refused to submit the point of the defendant's agency to the jury.

Evidence was given upon the trial, under a supplemental answer, setting up the defense upon which it was assumed that the drawees of the bill had been discharged as bankrupts by a compromise with their creditors under the bankrupt laws of England. This defense was rather obscurely presented in the case. But assuming it to have been made out that such a discharge had been obtained by the principal debtor, still the defendant in the case could not on that account be relieved from his liability.

The rule upon that subject is that the creditor " may prove his debt in bankruptcy without surrendering the security of the third person which he holds; and may, notwithstanding such proof, proceed to enforce his security against such third person, provided, however, he does not take under the bankruptcy and the security more than the full amount of his debt." (*Matter of Babcock*, 3 Story, 393, 400; *Blanchard* v. *Russell*, 13 Mass., 1; *Phillips* v. *Salomon*, 42 Ga., 192; *Claflin* v. *Cogan*, 48 N. H., 411.) The drawees were discharged from liability upon the paper by no act of the plaintiffs,

but by a proceeding instituted and carried on by themselves under the authority of the law of their domicil, and for the consequences of their act the plaintiffs can in no legal sense be held to be responsible. In this respect the case is distinguishable from *Brown* v. *Williams* (4 Wend., 360); *Farmers' Bank* v. *Blair* (44 Barb., 641); *Newcomb* v. *Raynor* (21 Wend., 108); *Deck* v. *Works* (18 Hun, 266); and *Vose* v. *Florida Railroad Company* (50 N. Y., 369), where the party sustaining the relation of surety to the paper was relieved because of the act of the creditor himself. The extinguishment of the drawee's liability was from no fault of the plaintiffs, and it was a contingency against which the defendant himself had contracted by becoming a party, as he did, to the bill. Upon the facts, as they are made to appear under the most favorable construction which could be given to them for the defendant, he was liable for the payment of the debt. The verdict was properly directed against him and his motion for a new trial should be denied, with costs.

DAVIS, P. J., and BRADY, J., concurred.

Motion for new trial denied, with costs.