FRANCES E. WAGER, Respondent, *v.* WHITE STAR CANDY CO., INC., Appellant.

Third Department, July 2, 1926.

Master and servant — action to recover damages for sickness alleged to have been caused by defendant's negligence in not furnishing plaintiff safe place to work — plaintiff contracted illness through working in damp, unventilated place — injury not accidental — Workmen's Compensation Law, § 11, not bar to action — plaintiff assumed risk and cannot recover.

The plaintiff's claim for damages for sickness arising out of illness alleged to have been caused by working in a damp and unventilated place, and based on alleged negligence of the defendant in failing to furnish the plaintiff a safe place in which to work, is not barred by section 11 of the Workmen's Compensation Law, since the injury forming the basis of the action was not accidental.

However, the plaintiff cannot recover for, as a matter of law, she assumed the risk of the conditions under which she worked and continued in the employment for over six months.

APPEAL by the defendant, White Star Candy Co., Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 16th day of November, 1925, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*Robert H. Woody* [*John J. Scully* of counsel], for the appellant.

*Merwyn H. Nellis* [*Andrew J. Nellis* of counsel], for the respondent.

H. T. KELLOGG, J.   The plaintiff charges in her complaint that she was an employee of the defendant; that she was required to work in a damp, unsanitary, unventilated cellar from June, 1924, until October, 1924; that from October, 1924, to December, 1924, she was required to work in a first floor room which was not properly heated; that she was subjected to drafts; that she contracted a hacking cough and became incapacitated; that her ailments were due to the negligence of the defendant in failing to provide her with a safe place to work.   On the trial the plaintiff testified that her work was performed under the conditions alleged in the complaint.   Physicians swore that the plaintiff was suffering from tuberculosis in December, 1924; that the development of the tuberculous condition was directly attributable to the plaintiff's surroundings during her working hours.   The plaintiff recovered a verdict of $2,000, from the judgment upon which this appeal was taken.

The appellant urges that the plaintiff's sole remedy against her employer lies in filing a claim under the Workmen's Compensation Law.   It is provided in section 10 of that law as follows: " Every employer subject to this chapter shall in accordance with this chapter secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment, without regard to fault as a cause of the injury."   The defendant was an employer " subject to this chapter."   It had provided compensation insurance as required by the section.   Section 11 of the law provides as follows: " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever   *   *   *   on account of such injury or death *   *   *."   Section 2, subdivision 7, provides that " ' Injury ' and ' personal injury ' mean only accidental injuries arising out of and in the course of employment."   The same section, in subdivision 8, provides: " ' Death ' when mentioned as a basis for the right to compensation means only death resulting from such injury."   Applying the definition, therefore, an employer is liable under the law only where " injury " results from accident, or death results from an injury thus arising.   Also the remedy under the law is exclusive only as to " such injury or death," *i. e.,* an injury or death involving an accident.   If there is no accident there is no liability and no remedy under the law.   In such case the law is not exclusive and the common-law remedy, if any there be, may

be employed. This plaintiff sustained no accidental injury, since there was no sudden occurrence referable to a definite time or place. (*Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; affd., 233 N. Y. 535; *Matter of Lerner* v. *Rump Bros.*, 241 id. 153.) We think, therefore, that the plaintiff was not debarred, by the provisions of the Workmen's Compensation Law, from bringing this action. Nevertheless, we think she must fail in her action. The plaintiff was fully aware of the conditions under which she worked and continued in the employment from June to December in spite of such knowledge. It is from her testimony that we learn that the walls of the cellar were wet to the touch; that a cesspool backed up liquids which wet the floor; that the cellar was devoid of windows to light or air it; that dead rats were left about; that the odors were vile; that no fires were kept in the upstairs room; that the plaintiff worked in a draughty place; that the upstairs room was damp. It is common knowledge that such conditions are deleterious to health. The plaintiff was chargeable with such knowledge. We think that the plaintiff, as a matter of law, assumed the risk attendant upon her remaining in the employment and that the recovery may not stand. (*Berry* v. *Atlantic White Lead & Linseed Oil Co.*, 30 App. Div. 205.)

The judgment should be reversed, with costs, and the complaint dismissed.

All concur.

Judgment and order reversed on the law and complaint dismissed, with costs.