JAMES BARRENCOTTO, Respondent, *v.* COCKER SAW COMPANY, INC., Appellant.

(Argued November 19, 1934; decided December 31, 1934.)

*Philip A. Sullivan* for appellant. The history of the workmen's compensation legislation, giving proper regard to the constitutional amendment and to the legislative acts thereunder, establishes clearly that common law actions by the employee to recover damages for injuries either accidental or from occupational disease were abrogated altogether and cannot be maintained. (*Woollcott* v. *Shubert*, 217 N. Y. 212; *Ives* v. *South Buffalo R. R. Co.*, 201 N. Y. 271.) The fact that the Legislature in enacting the compensation law and in passing various amendments thereto since its enactment has not afforded the plaintiff relief thereunder does not allow him to maintain this common law action in violation of the intent, purpose, plan and scope of section 19 of article 1 of the New York Constitution. (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Bertholf* v. *O'Reilly*, 74 N. Y. 509; *Matter of Walker* v. *Clyde O. S. Co.*, 215 N. Y. 529; *Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469; *Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367; *New York Central R. R. Co.* v. *White*, 243 U. S. 188; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Erickson* v. *Preauss*, 223 N. Y. 365.)

*Warner F. Thompson* for respondent. Since the Workmen's Compensation Law by its very provisions applies only to accidental injuries and to those occupational diseases which the act enumerates and provides shall be treated as accidents, the said law does not exclude common law actions for disability caused by an occupational disease neither accidentally caused nor enumerated in the law. (*Maloney* v. *Levy & Gilliland Co.*, 176 App. Div. 470; *Matter of Jensen* v. *Southern Pacific Co.*, 215 N. Y. 514; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153; *Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; 233 N. Y. 535; *Wager* v. *White Star Candy Co.*, 217 App. Div. 316; *Janusz* v. *Buffalo Porcelain Enameling Corp.*, 227 App. Div. 833.) Section 19 of article I of the New York Constitution does not bar plaintiff's cause of action. (*Matter of Sweeting* v. *American Knife Co.*, 226 N. Y. 199.) Plaintiff has the right to maintain a common law action. (*Wager* v. *White Star Candy Co.*, 217 App. Div. 316; *List* v. *Eastman Kokak Co.*, 236 App. Div. 820; *Downing* v. *Oxweld Acetylene Co.*, 112 N. J. L. 25; *Jones* v. *Reinhardt & Dennis Co.*, 168 S. E. Rep. 482; *Kane* v. *Federal Match Corp.*, 5 Fed. Supp. 507.)

*William L. Clay* and *Philip Halpern, amici curiæ.*

LEHMAN, J. The complaint in this action alleges that the plaintiff is an employee of the defendant; that in the course of his employment in the defendant's factory he inhaled dust and other impurities which caused him to contract a disease; that the plaintiff's exposure to the conditions which resulted in the disease was due to the defendant's failure to exercise reasonable care and to perform its statutory duties in the operation of its factory. It further alleges that the disease from which the plaintiff is suffering is not an occupational disease for which compensation is payable under the Workmen's Compensation Law (Cons. Laws, ch. 67). A motion by the defendant to dismiss the complaint under rules 106 and 107 of the Rules of Civil Practice has been denied.

The Workmen's Compensation Law provides: " Every employer subject to this chapter shall in accordance with this chapter secure compensation to his employees and pay or provide compensation for their disability or death from injury arising out of and in the course of the employment, without regard to fault as a cause of the injury * * *." (§ 10.) It further provides: " The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee, his personal representatives, husband, parents, dependents or next of kin, or any one otherwise entitled to recover damages, at common law or otherwise on account of such injury or death * * *." (§ 11.) Exception is made where an employer has failed to secure the payment of compensation, but here it is conceded that the defendant has secured such compensation.

By the Workmen's Compensation Law " a new system was substituted in its entirety for an outgrown and objectionable one." (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469, 478.) The Legislature has provided a system of compensation to an employee for disability or death from injury arising out of and in the course of the employment without regard to fault as a cause of the injury. It thus imposes upon the employer a new liability not known to the common law or enforceable by common law action. At the same time it provides that the new liability shall be exclusive, and thus destroys any right which the employee or any other person may have to recover damages for " such injury or death." The defendant maintains that by the substitution so decreed the plaintiff's alleged cause of action has been destroyed.

Undoubtedly no common law right of action against an employer survives for damages consequent on an " *injury* " to an employee arising out of and in the course of the employment, but the statute itself defines

the word "injury." " 'Injury' and 'personal injury' mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." (§ 2, subd. 7.) In common parlance an injury has broader meaning. The Legislature has chosen to make its own definition, and in construing the statute we must accept the legislative definition.

The power of the Legislature to create a new and exclusive system of compensation for injuries sustained by an employee is broad. Reasonable exercise of that power is not restricted by the provisions of the Constitution of the United States. (*New York Central R. R. Co.* v. *White*, 243 U. S. 188.) Argument that the Constitution of the State in any manner limits the power of the Legislature is foreclosed by the amendment to the Constitution adopted for that sole end. (Art. I, § 19.) Indeed, the same reasons which called for the exercise of the legislative power to provide a new system of compensation for "accidental injuries" might be urged for the extension of that system to every injury resulting from employment, regardless of whether the injury be accidental, or, like an occupational disease, be the natural and unavoidable result of the conditions of the employment.

The Legislature nevertheless remains the sole judge of how and when it shall exercise its powers. It determined, in its wisdom, that, at the outset, it would restrict the operation of the new system of compensation to accidental injuries. Even so, the field of the operation embraced most of the cases in which at common law the employee had a remedy, though inadequate, for injuries resulting from the employment. For injuries not accidental, but the natural and unavoidable result, or even a result which might reasonably be anticipated, from the conditions of the employment, there was seldom any effective remedy at common law, even where the injury

was due to disregard of a duty of care imposed by law on the employer; for usually the application of the doctrine of assumption of risk would bar recovery in such case. There the Workmen's Compensation Law, in its original form, imposed no new liability upon the employer. It did, by sections added thereafter, in some degree enlarge the operation of the new system of compensation. Section 38 provides that " the disablement of an employee resulting from an occupational disease described in subdivision two of section three shall be treated as the happening of an accident within the meaning of this chapter," and subdivision 2 of section 3 provides that " compensation shall be payable for disabilities sustained or death incurred by an employee resulting from the following occupational diseases: * * *." Thus the occupational diseases enumerated in that subdivision fell within the scope of the act and within the statutory definition of an " injury." The statute does not apply to other diseases unless " the disease is an accidental personal injury within the meaning of subdivision seven of section two * * *." (§ 48.)

In this case the action is for damages caused to the plaintiff by contracting the disease known as silicosis. The disease is not an " accidental personal injury," for its inception is not " assignable to a determinate or single act, identified in space or time " and is not assignable to " something catastrophic or extraordinary." (See *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153, 155, opinion by POUND, J.) It is an occupational disease, the natural and unavoidable result of the conditions of the employment; but it is not included in the diseases enumerated or described in subdivision 2 of section 3. For that reason a claim by the plaintiff for compensation has been dismissed by the Industrial Board. The question now arises whether the right to compensation for disability or death resulting from accidental injury under the Workmen's Compensation Law is the sole right which an employee now has against his employer for injury suffered in the course of employment and excludes and takes the

place of all common law remedies, not only for compensable injuries but for injuries entirely outside the scope of the act.

That question is one of statutory construction. The Legislature may, if it chooses, provide a system of compensation for injury to workmen which shall be exclusive of every other remedy or right of action by the employee or any other person. (N. Y. Const. art. I, § 19.) That is true, even though the new system of compensation makes no provision for some persons who previously had a common law right of action for damages caused by such injury. (*Shanahan* v. *Monarch Engineering Co.*, *supra*.) It is true, even though the new system provides only for compensation to an employee in case of disability and leaves him without remedy or right to compensation for damages where the injury has not caused industrial disability. (*Repka* v. *Fedders Mfg. Co.*, 264 N. Y. 538.)

In these cases a plaintiff sought damages for accidental injuries within the scope of the Workmen's Compensation Law and for which that law provided compensation. We decided that the statutory remedy was exclusive of any other remedy for the same injury. Here, as we have said, the action is brought for an industrial injury entirely outside the scope of the statute. The statute provides that the statutory liability for injury or death shall be exclusive and in place of any other liability " on account of *such* injury or death." By no construction, even though forced, can these words be found to mean that the right to compensation in case of certain injuries should be exclusive and in place of liability for other injuries. (Cf. *Wager* v. *White Star Candy Co.*, 217 App. Div. 316, opinion by KELLOGG, J.)

Perhaps the opinion in *Shanahan* v. *Monarch Engineering Co.* (*supra*) might indicate that the court assumed, though it did not decide, that the Legislature had exercised, in full degree, its power to provide a new system of compensation which should be exclusive and in place

of every other liability of an employer for injury arising out of and in the course of employment. The language of the statute was at that time different. Then the statute provided that "The liability prescribed by the last preceding section shall be exclusive." There is no express limitation of the scope of that provision to the same field to which the new system of compensation was confined. Whether such limitation might be implied was not presented in that case; for the liability imposed by the statute extended to the death for which damages were sought by action. If such question had been presented, the court might still have refused to find by implication a limitation which the Legislature had failed to express.

Since that decision the Legislature has itself in express terms provided the limitation. We cannot disregard the express limitation. There still is a field in which the statute fails to impose liability, on the part of an employer, to provide compensation for injury or death, regardless of fault; and in which an injured person may seek damages by action at law, where there has been fault. Whether the Legislature should provide a more effective and comprehensive remedy in such cases, or whether the employer should in such cases be relieved of liability even in case of fault, is a matter which concerns the Legislature and not the courts.

The order should be affirmed, with costs, and the certified question answered in the affirmative.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.