JOSEPH LAZAR, an Infant, by ABRAHAM LAZAR, His Guardian ad Litem, et al., Respondents, v. SAM STEINBERG, Doing Business under the Name of YONKERS BEVERAGE Co., et al., Appellants.— Appeal by defendants from an order of the City Court of Yonkers denying their motion for judgment on the pleadings and granting plaintiffs' cross motion to strike out defendants' affirmative defense on the ground that such defense is insufficient in law. Order modified on the law (1) by striking out the word " defendants' " in the first ordering paragraph and inserting after the word "motion " the words " of defendant Somers "; and (2) by inserting the following ordering paragraph: " Ordered that the motion of defendant Steinberg for judgment on the pleadings be and the same is hereby granted, and plaintiffs' complaint is dismissed as to that defendant ". As so modified the order is affirmed, without costs, with permission to plaintiffs to serve an amended complaint within ten days from the entry of the order hereon and upon payment of $10 costs. The complaint as to defendant Steinberg is defective. The allegations thereof establish that the infant plaintiff was engaged in a hazardous employment. To maintain a common-law action for negligence, plaintiffs had to allege that the employer failed to comply with section 11 of the Workmen's Compensation Law. (*Kuhn* v. *City of New York*, 274 N. Y. 118, 128, 129; *Culhane* v. *Economical Garage, Inc.*, 195 App. Div. 108.) Since defendants deny employment, it may be that the relationship between the infant plaintiff and defendant Steinberg was not that of employer and employee but was merely a voluntary rendition of services or a favor, to be rewarded by a gratuity. (*Ferro* v. *Sinsheimer Estates, Inc.*, 256 N. Y. 398.) If that be the situation, it may be alleged in the amended complaint. It may not be presumed from the present complaint that defendant Somers is a coemployee of the infant plaintiff. Hence, the present complaint states a cause of action as against him. The hypothetical nature of the affirmative defense contained in the answer makes it defective. (3 Carmody on New York Pleading and Practice, § 996; *Stroock Plush Co.* v. *Talcott*, 129 App. Div. 14; *Nivogor Realty Corp.* v. *Gifford-Wood Co.*, 253 App. Div. 837.) Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ., concur.