CHARLES SCHWARTZ, Plaintiff, *v.* QUEENSBORO FARM PRODUCTS, INC., Defendant.

Supreme Court, Special Term, New York County, April 22, 1948.

*Bernard Katzen, Harry Schechter* and *William Steiglitz* for defendant.

*James J. Cally* for plaintiff.

WALTER, J. Plaintiff alleges that defendant employed him as a milk route man for approximately two years and during said employment assigned to his use a truck which, by reason of its defective condition, caused and permitted noxious impurities, fumes and smoke to enter his respiratory tract and lungs and thereby induced and caused in him pneumoconiosis, respiratory infection and disease, which will eventually cause his death; that defendant was negligent in furnishing to him a truck without proper air controls and exhaust and in failing to advise him that the truck was defective; that such negligence is the sole cause of such pneumoconiosis, respiratory infection and disease, and that the same are not covered by nor compensable under the Workmen's Compensation Law of New York and were not the result of any accident.

He, therefore, prays for damages.

Defendant moves to dismiss the complaint for insufficiency and for lack of jurisdiction of the subject matter, the theory of the motion being that plaintiff's sole remedy is under the Workmen's Compensation Law.

If the complaint in truth shows an injury or disease for which the Workmen's Compensation Law provides compensation, then plaintiff's sole remedy is a claim under that law, and he may not maintain this common-law action for damages, unless defendant has failed to provide compensation as required by that law; and as the complaint does not allege that defendant has failed to provide such compensation, the complaint is insufficient (*Nulle* v. *Hardman, Peck & Co.,* 185 App. Div. 351; *Culhane* v. *Economical Garage, Inc.,* 195 App. Div. 108; *Morris* v. *Muldoon,* 190 App. Div. 689, affd. 229 N. Y. 611; *Kuhn* v. *City of New York,* 274 N. Y. 118, 128–129; *Lazar* v. *Steinberg,* 269 App. Div. 760), and the court does not have jurisdiction of the subject matter (*Williams* v. *Hartshorn,* 296 N. Y. 49).

Plaintiff's theory and allegation, however, are that the things of which he complains are outside the field of the Workmen's Compensation Law, i.e., are things for which that law does not provide compensation; and if it be true that that law does fail to provide compensation for the things of which plaintiff com-

plains, then the court has jurisdiction of the subject matter and the complaint is sufficient, for the remedy provided in that law is exclusive only where it in fact provides a remedy (*Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139; *Scherini* v. *Titanium Alloy Co.*, 286 N. Y. 531, 537), except that in cases of partial disability from silicosis or other dust diseases, there is a question which I regard as still open, except in the Fourth Department, as to whether the right to an action at law for damages has been taken away even though no compensation for such disability has been provided in the Workmen's Compensation Law.

The questions really presented by this motion, therefore, are (1) whether or not the Workmen's Compensation Law provides compensation for the things of which plaintiff complains, and if he complain of partial disability from silicosis or other dust disease, then (2) whether or not this action is maintainable, even though the Workmen's Compensation Law does not provide compensation for such disability.

As originally enacted (L. 1913, ch. 816) and as re-enacted and amended by chapter 41 of the Laws of 1914, the Workmen's Compensation Law provided compensation only for disability or death resulting to employees engaged in one of the employments specifically enumerated in section 2 from an accidental personal injury arising out of and in the course of his employment. Personal injury was defined to mean only accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom (§ 3, subd. 7).

By chapter 538 of the Laws of 1920 there was inserted article 2-A (§§ 37–49-b) headed " Occupational Diseases ", which provided compensation for disability or death caused by any of twenty-three specifically enumerated occupational diseases if the disease were contracted after the effective date of the act. It was therein further provided that disablement resulting from such an occupational disease should be treated as the happening of an accident (§ 38), and that the article should not affect the right of an employee to compensation in respect to a disease to which the article does not apply if the disease is an accidental personal injury within the meaning of subdivision 7 of section 3 (§ 49-b).

By chapter 615 of the Laws of 1922, article 2-A was renumbered article 3, the enumeration of compensable occupational diseases was transferred to section 3 as subdivision 2 thereof. and their number was reduced to nineteen.

By chapters 64 and 298 of the Laws of 1929, subdivision 2 of section 3 was amended so as to bring the enumeration of compensable occupational diseases up to twenty-seven.

In *Matter of Lerner* v. *Rump Bros.* (241 N. Y. 153 [1925]) the rule was laid down that a nonoccupational disease can be treated as an accidental injury for the purpose of an award under the act only when the inception of the disease is assignable to a determinate or single act, identified in space or time, and to something catastrophic or extraordinary; and disease following a chill received by an employee after spending ten minutes in his employer's refrigerator on a day in June was held not compensable under the act.

In *Barrencotto* v. *Cocker Saw Co.* (266 N. Y. 139, *supra* [Dec. 31, 1934]) it was held that silicosis is an occupational disease, but not one of the twenty-seven enumerated in the law and not an accidental personal injury, and, therefore, not compensable under the act; and an employee's complaint in a common-law action for damages consequently was sustained as stating a good cause of action.

By chapter 254 of the Laws of 1935, the enumeration of occupational diseases in subdivision 2 of section 3 was amended by adding: " 28. Any and all occupational diseases." Silicosis thus, for the first time, was made a compensable disease, but that amendment does not bar a right of action which became vested before its effective date, September 1, 1935 (*Mnich* v. *American Radiator Co.*, 263 App. Div. 573, affd. 289 N. Y. 681) and it does not extend the law to all diseases contracted during the course of an employment. It is limited to occupational diseases, i.e., diseases which result from the nature of the employment as distinguished from conditions brought about by the employer's failure to furnish a safe place to work. (*Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313, 317, 318, 319.)

By chapter 887 of the Laws of 1936, silicosis and other dust diseases were made the subject of a new article, article 4-A (§§ 65–72), and excepted, Judge RIPPEY said in *Scherini* v. *Titanium Alloy Co.* (286 N. Y. 531, 537, *supra*) from the general provisions of the law.

That new article 4-A provides in section 66, that compensation shall not be payable for *partial* disability due to silicosis or other dust disease, but in the event of temporary or permanent *total* disability or death compensation shall be payable to employees in the employments enumerated in section 3 or to their dependents. The article further provides, in section 72,

that the liability of the employer prescribed in the article shall be exclusive and in place of any other liability on account of *any* injury, disability or death caused by the inhalation of harmful dust, unless the employer fails to secure the payment of such compensation.

Chapter 887 of the Laws of 1936, also amended subdivision 2 of section 3 by adding thereto the provision that paragraph 28 thereof shall not be construed to apply to any case of occupational disease in which the last injurious exposure to the hazards of the disease occurred prior to September 1, 1935, nor to any disability or death due to any disease described in article 4-A.

The 1936 enactment thus created serious questions respecting when disability from silicosis and other dust diseases is covered by the Workmen's Compensation Law and when the employee may maintain an action at law. In particular, it created the question whether or not section 72 is so phrased as to bar the employee's action for partial disability from silicosis and other dust disease even though the act provides no compensation for such disability.

In *delBusto* v. *Dupont deNemours & Co.* (167 Misc. 920, affd. 259 App. Div. 1070, motion for leave to appeal denied 284 N. Y. 817), *Powers* v. *Porcelain Insulator Corp.* (285 N. Y. 54) and *Scherini* v. *Titanium Alloy Co.* (261 App. Div. 1046, affd. 286 N. Y. 531, *supra*) actions by employees seeking damages for partial disability from silicosis were dismissed on motion, the lower courts taking the view that section 72, as enacted by chapter 887 of the Laws of 1936, bars an action for damages for such disability even though section 66 does not provide any compensation therefor; and in the *delBusto* and *Scherini* cases (*supra*) the Appellate Division in the Fourth Department affirmed that ruling. I do not think, however, that in any of those cases the Court of Appeals decided the point, and no case on the point in any department other than the Fourth has been called to my attention. I consequently think that except in the Fourth Department the question is still open whether an action for damages for partial disability from silicosis or other dust disease is barred even though the act provides no compensation for such disability.

*Gardner* v. *Shepard Niles Crane & Hoist Corp.* (268 App. Div. 561, affd. 296 N. Y. 539) involved *total* disability from silicosis, which is compensable under chapter 887 of the Laws of 1936, and the employee's action was accordingly dismissed under the general rule laid down in the *Barrencotto* case (*supra*)

that no action is maintainable when compensation has been provided.

According to the allegations of the complaint in the case at bar the things of which plaintiff complains are not an accidental personal injury (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153, *supra*; *Barrencotto* v. *Cocker Saw Co.*, 266 N. Y. 139, *supra*) and not an occupational disease (*Matter of Goldberg* v. *954 Marcy Corp.*, 276 N. Y. 313, *supra*; *Converse* v. *State of New York*, 185 Misc. 162). The complaint itself thus does not show that plaintiff is entitled to compensation under the act. (See, also, *Soporito* v. *Hetzler Foundries, Inc.*, 295 N. Y. 922, and *Surace* v. *Pfaudler Co.*, 295 N. Y. 923.) Neither does the complaint show partial disability from silicosis or other dust disease, because it does not allege disability and I cannot say as matter of law that pneumoconiosis is a dust disease. It thus is unnecessary for me to decide the question which I have just stated is open except in the Fourth Department.

The Workmen's Compensation Law as further amended by chapter 460 of the Laws of 1944, and chapters 607 and 642 of the Laws of 1946, and article 4-A, as added by chapter 887 of the Laws of 1936, was repealed by chapter 431 of the Laws of 1947; but those enactments do not affect any question necessary to be decided upon this motion.

If the evidence upon the trial should show that plaintiff sustained an accidental personal injury or has contracted an occupational disease, as is perhaps conceivable, it will be the duty of the trial court to dismiss the action and leave plaintiff to his remedy under the Workmen's Compensation Law. If the evidence should show that plaintiff has suffered partial disability from silicosis or other dust disease, it will be incumbent upon the trial court to decide whether an action therefor is barred even though that law provides no compensation for such disability. But as those things do not appear from the face of the complaint, this motion to dismiss must be and it accordingly **is denied.**