MORRIS SORACI, Plaintiff, *v.* COLONIAL SAND & STONE Co., INC., Defendant.

Supreme Court, Special Term, New York County, June 10, 1948.

*Rudser, Price, Haskell, Rafferty and Mulligan* for defendant.

*J. Stanley Cohen* for plaintiff.

PECORA, J. Motion is made to dismiss the complaint on the ground that the court has no jurisdiction of the subject of the action and the complaint does not state facts sufficient to constitute a cause of action. The complaint seeks to recover damages due to the negligence of plaintiff's employer, whereby the plaintiff became partially disabled by reason of respiratory diseases and early silicosis due to the inhalation of various types of dust. The first cause of action is predicated upon negligence, and the second cause upon alleged violations of various sections of the Labor Law and rules promulgated by the Department of Labor of the State of New York.

In *Barrencotto* v. *Cocker Saw Co.* (266 N. Y. 139) it was held that since the Workmen's Compensation Law, as it then existed, did not cover silicosis or other dust diseases, an action at law could be maintained against an employer to recover damages for injury, death or disease due to dust. By chapter 254 of the Laws of 1935 the Workmen's Compensation Law was amended to cover disability from any and all occupational diseases contracted in hazardous employment where exposure occurred after September 1, 1935.

In 1936, a new article, article 4-A dealing exclusively with dust diseases was added to the Workmen's Compensation Law (L. 1936, ch. 887). Section 66 of article 4-A provided: '' Compensation shall not be payable for partial disability due to silicosis or other dust diseases. * * * ''

It was also provided in section 72 that: '' The liability of an employer prescribed by this article shall be exclusive and in place of any other liability whatsoever, at common law or otherwise, to such employee * * * on account of any injury, disability, or death, caused by the inhalation of harmful dust, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter * * *.''

The complaint herein contains no allegations to the effect that the employer-defendant has failed to secure the payment of compensation.

The precise question raised upon the motion here was presented in *del Busto* v. *Dupont de Nemours & Co., Inc.* (167 Misc. 920, affd. 259 App. Div. 1070, motion for leave to appeal denied 284 N. Y. 817). The court there, in dismissing a complaint based upon a claim for partial disability, held that

in excluding partial disability from the benefits of the Workmen's Compensation Law (§ 66) it was not intended to restore a right to a common-law action. It was decided that the Legislative intent was to have the employer "bear the burden of the effects of total disability and that the employee should bear the burden arising from partial disability." (P. 923.)

The same result was reached in *Schwartz* v. *Bausch & Lomb Optical Co.* (263 App. Div. 1065, affd. 291 N. Y. 765.) (See, also, *Scherini* v. *Titanium Alloy Co.*, 286 N. Y. 531.)

In *Schwartz* v. *Queensboro Farm Products, Inc.* (191 Misc. 778) my learned colleague Mr. Justice WALTER properly said with respect to the authorities above cited: "I do not think, however, that in any of those cases the Court of Appeals decided the point * * *. I consequently think that except in the Fourth Department the question is still open whether an action for damages for partial disability from silicosis· or other dust disease is barred even though the act provides no compensation for such disability."

While I perceive great force in the dissenting opinion of RIPPEY, J., in *Scherini* v. *Titanium Alloy Co.* (*supra*) which would uphold plaintiff's contentions here, I am nevertheless inclined to follow the holdings in the Fourth Department, especially in view of the absence of any authority to the contrary. The Legislature has not seen fit to amend article 4-A since the decision in the *del Busto* case (*supra*). I believe the legislative intent was there correctly construed. Consequently, I hold that this action for partial disability from silicosis or other dust disease is barred by the provisions of the Workmen's Compensation Act. Since the injury of plaintiff arose in the course of employment, and as a result of the alleged acts of negligence of the employer, the Workmen's Compensation Law provides the plaintiff's exclusive remedy, and bars an action at law. This court, therefore, does not have jurisdiction of the action.

The motion to dismiss the complaint is granted. Settle order.