Before STATE INDUSTRIAL BOARD, Respondent.

CHARLES ROSENTHAL, Respondent, *v.* NATIONAL ANILINE AND CHEMICAL COMPANY and Another, Appellants.

Third Department, May 5, 1926.

Workmen's compensation — accidental injury — claimant, employee of chemical company, claimed injury through poisonous fumes — injury was not sudden but developed over long period — no occupational disease — award reversed.

The claimant, an employee of a chemical company, who, in the course of his employment was subjected to acid fumes and was finally rendered unable to work, did not suffer an accidental injury nor an occupational disease, since it appears that there was no sudden catastrophic or extraordinary happening, but that the injury from which the claimant suffers was developed over a long period of time, due, no doubt, to the inhalation of the fumes. The fact that on one occasion the claimant was made ill by the fumes, does not show an accidental injury, since it appears that he shortly thereafter returned to his position and continued for several months before his health required him to abandon his work.

APPEAL by the National Aniline and Chemical Company and another from an award of the State Industrial Board, made on the 4th day of August, 1925.

The employer was a dye manufacturer; claimant was a foreman. In the shop there were acid fumes, sulphuric oxide. Claimant claims that he received an accidental injury on January 17, 1924, in that, at that time, he inhaled fumes that were stronger than usual; so strong that, because of them, men were driven out of the room.

There were constantly these fumes in the shop where he was working. He says: " Why, the acid fumes did not affect me until a year ago last January [1924]. Of course, I have been inhaling fumes right along, but these particular fumes were so strong they drove the men out of the building, but I had to stay there." Again, he says: " I was perfectly all right until the fumes started to get the best of me. In that particular building there is more fumes than any other building in the plant." It is true he had been in the dispensary at earlier times, but that he explains was on account of colds, to which he was subject because the windows were always open. After January seventeenth he was absent from work until February first, when he returned and remained until about the third of September; he then quit and has not worked for the company since. Dr. Mackey examined claimant in April, 1924. Claimant then complained of shortness of breath on the least exertion and exaggerated pain on smelling fumes or any

irritating odor and of expectorating large amounts of mucoid substance after these attacks. The doctor found both chests filled with large moist rales and bronchi. After a week's treatment the attacks practically disappeared, but upon slight exertion the rales again appeared. The doctor expresses the opinion that the fumes would cause the condition from which the man suffered. This doctor was still treating him on February 17, 1925. At that time there had been improvement, but he still suffers large moist rales. Dr. Fiske, who was physician in charge of the employer's plant, says that claimant came to him on January 18, 1924, and he again saw him at claimant's house on the nineteenth. He found an irritated bronchitis, which he says could be produced by acid fumes. The claimant was suffering from a chronic bronchial condition, which the doctor thought was due to the acid fumes. He had been suffering from colds and the gas would irritate his condition. The finding is: " On January 17th, 1924, while the said Charles Rosenthal was engaged in the regular course of his employment, and while working for his employer at his employer's plant, he inhaled an extra amount of fumes from sulphur dioxide, and because of the inhalation of said sulphur dioxide fumes, claimant suffered from dyspnœa, that is shortness of breath, and from moist rales, which were caused by the secretions thrown out of the mucous membranes of the bronchi, and which rales were caused by the inhalation of the acid fumes, and all of which injuries caused claimant to be totally disabled from September 15, 1924, to September 20, 1924, and partially disabled from September 20, 1924, to April 20, 1925, on which date he was still disabled."

*Ireland, Caverly & Hanley* [*W. S. Pendleton* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

VAN KIRK, J. We have here an award for disability not due to occupational disease but solely to an accidental injury. The undisputed evidence is that for some six years the claimant worked in the same employment, breathing the same kind of fumes, and during this time had felt their effects; on January 17, 1924, the fumes in the room where claimant worked were stronger than usual; some men were thereby driven from the room, but none were overcome; claimant remained in the room and did his work the full day; he quit work on the following day and remained away till February first, during which period he suffered from shortness of breath and bronchitis; when he returned February

first he was told the fumes were affecting him and he could work in another part of the plant, but, on account of the larger pay, he chose to continue in the old place; the fumes continued; his condition grew worse until about September third, when, on the advice of his family doctor, he quit the job. It thus appears that the experience of January seventeenth did not cause his disease. We cannot fix time or place when a disease was contracted. (*Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; 233 N. Y. 535.) The contracting was gradual, by natural inhaling, and extended over a period of months or years. We find nothing " catastrophic or extraordinary " in the happenings to which to attribute the inception of disease. (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153.) We think the claim is outside the rule in *Matter of Connelly* v. *Hunt Furniture Co.* (240 N. Y. 83). When claimant returned to work February first he had the same disease he had had for a long time, but was able to continue working and earning the same wages until September when, by constant inhaling of the fumes, his affliction had so progressed as to induce his physician to advise him to stop. He thereupon left. His condition then is not traceable in any degree to the happening on January seventeenth. The award is confined to a period after he thus left. After so leaving he began work for an insurance company, since which time his condition has improved, though he still occasionally is subject to wheezing. Not on account of his condition is he receiving less wages than when he worked for this employer; his lower wage now is due solely to the fact that the employment pays a lower wage. We do not think there is any evidence showing that claimant has a disability which is due to an accidental injury sustained on January 17, 1924.

Since his ailment is not an occupational disease, we can conceive of no theory on which an award in this case could be made which could be sustained.

The award should be reversed and the claim dismissed, with costs against the State Industrial Board.

All concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.