In the Matter of the Claim of AMOS WRIGHT, Respondent, against USED CAR EXCHANGE and Another, Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 1, 1927.

**Workmen's compensation — accidental injury — claimant, who worked as batteryman where sulphuric acid was used, suffered inflammation of derma — dermatitis not occupational disease, under Workmen's Compensation Law, § 3, subd. 2 — no accidental injury shown.**

The claimant was employed as a batteryman in an automobile garage. Dermatitis, inflammation of the derma or true skin, developed. This trouble, according to the evidence, may be the result of any one of several causes, although it might have been caused by sulphuric acid fumes coming from batteries on which the claimant worked. Dermatitis is not an occupational disease, under subdivision 2 of section 3 of the Workmen's Compensation Law, and compensation cannot be awarded unless it is shown that the claimant suffered an accidental injury.

No proof of an accidental injury was shown, since it appears that if the trouble was caused by sulphuric acid fumes, it was due, not to a sudden catastrophe, but arose as the result of continuous contact with those fumes.

APPEAL by Used Car Exchange and another from an award of the State Industrial Board, made on the 7th day of May, 1926.

*William H. Foster,* for the appellants.

*Albert Ottinger, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the State Industrial Board.

VAN KIRK, J. The objection to this award is that claimant's disability was not due to an occupational disease, or to an accidental injury within the meaning of the Workmen's Compensation Law. The employer conducted a used car exchange. The claimant was a batteryman. His work was " looking after the batteries in the place, and electric troubles." In the employer's report it is stated that he was injured in his regular occupation and that the nature of his injury was dermatitis, due to sulphuric acid from the batteries, causing blisters. The evidence established that his disability was due to dermatitis. This is an " inflammation of the derma or true skin." Dr. Getman says: It is " an inflammation of the skin from some local irritant." The causes of dermatitis are, the doctor says, innumerable. The acids used in caring for batteries would cause this inflammation, but it would be impossible by observation to tell what acid caused it. By the employer's report, as above appears, the acid is identified as sulphuric acid. Claimant had been working in this employment for a considerable time. About a month before July 18, 1924, he had noticed a breaking-out on both arms a short distance above the wrist and he went to a hospital

for treatment.   He, however, continued in his work, but his doctor advised him, if he expected to get over his trouble, he should " get out of " his present work.   Also Dr. Griffin advised him to return to his employment if he could get work where he would not be in contact with acid fumes.   On the doctors' advice he stopped his work about July eighteenth.

Dermatitis is not an occupational disease (Workmen's Compensation Law, § 3, subd. 2) and, for a disability due to dermatitis, apart from an accidental injury, compensation could not be had.

There is no proof of an accidental injury.   The inflammation came upon his arms or wrists while he was performing his regular duties in the usual manner, with the usual acids.   It was due to contact with sulphuric acid; but this contact was frequent while he was performing his work and the injurious result developed gradually.   The beginning of the affliction could not be attributed to any single contact with the acid.   Neither a time, nor a particular incident or happening can be pointed out as the beginning of the affliction.   The infection was not due to any cut or injury.   It entered or afflicted the hand through normal and natural processes. (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83, 85; *Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; affd., 233 N. Y. 535.)   There was nothing " catastrophic or extraordinary " in the happenings to which to attribute the inception of the disease.   (*Rosenthal* v. *National Aniline & Chemical Co.*, 216 App. Div. 588; *Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153.)   I do not think that the entering of the infection in itself was an accidental injury, as was the case in *Matter of Connelly* v. *Hunt Furniture Co.* (*supra*).

The award should be reversed and the claim dismissed.

COCHRANE, P. J., McCANN, DAVIS and WHITMYER, JJ., concur.

Award reversed and claim dismissed, with costs against the State Industrial Board.