EMMA H. SCHEERENS, Plaintiff, *v.* E. W. EDWARDS & SON, Defendant.

Supreme Court, Monroe County, January 29, 1929.

*Remington, Remington & Keating* [*Kenneth B. Keating* of counsel], for the plaintiff.

*Hubbell, Taylor, Goodwin & Moser* [*T. Carl Nixon* of counsel] for the defendant.

CUNNINGHAM, J. Jacob Scheerens, deceased, and Emma H. Scheerens were employed by the defendant at its store in Rochester, and it is claimed that they contracted typhoid fever from drinking water furnished by the defendant, which had become contaminated and polluted through the negligence of the defendant. The defend-

ant in its answers alleges that it had secured compensation to its employees as prescribed in the Workmen's Compensation Law. This is admitted in the replies of the plaintiffs.

The defendant contends that the only remedy of the plaintiff is to apply for compensation under the Workmen's Compensation Law. When an employee is entitled to compensation as provided in the Workmen's Compensation Law, he is deprived of his right to a common-law action for damages. (*Shanahan* v. *Monarch Engineering Co.*, 219 N. Y. 469.) However, that statute does not deprive an employee who has not a remedy under it from maintaining an action for damages. (*Clark* v. *Monarch Engineering Co.*, 248 N. Y. 107, 111, 112; *Wager* v. *White Star Candy Co.*, 217 App. Div. 316.)

An injury for which compensation may be made is defined as " accidental injuries arising out of and in the course of employment and such disease or infection as may naturally and unavoidably result therefrom." (Workmen's Compensation Law, § 2, subd. 7.) Therefore, the question to be decided in these cases is whether the disease contracted by the employees was an accidental injury. " Disease may be an accidental injury." (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153, 155.)

" An accidental event takes place without one's foresight or expectation; an event that proceeds from an unknown cause, or is an unusual effect of the known cause, and therefore not expected." (*Matter of Woodruff* v. *Howes Construction Co.*, 228 N. Y. 276; *Matter of Jeffreyes* v. *Sager Co.*, 198 App. Div. 446; affd., on opinion below, 233 N. Y. 535; *Lewis* v. *Ocean Accident & Guarantee Corporation, Limited, of London, England,* 224 id. 18.)

In the course of the opinion in *Matter of Connelly* v. *Hunt Furniture Co.* (240 N. Y. 83), speaking of germs that might be inhaled through the mouth, the court says: " For the reason that the absorption is incidental to a bodily process both natural and normal, their action presents itself to the mind as a disease and not an accident." Later, in the same opinion, it is said: " The range of accident would be reduced, indeed, to vanishing dimensions, if we were to take out of the category every case in which the physical movement had been willed without adverting to the consequences." In that case in which compensation was awarded, it appeared that the employee had been infected by germs entering through a lesion or cut.

In *Matter of Lerner* v. *Rump Bros.* (*supra*) it is said that the disease must be " assignable to something catastrophic or extraordinary." In *Matter of Michelfelder* v. *Van Alstyne* (245 N. Y. 569), an award was sustained made to an employee who had become

afflicted with bronchitis by reason of inhaling carbon monoxide gas. It seems to me that, so far as the consequences are concerned, no distinction can be made between a case in which an employee breathes air containing poisonous fumes and one in which the employee drinks water contaminated with deadly bacilli. Although the drinking of the water was a voluntary and ordinary act, the resultant typhoid fever was an unusual and catastrophic effect, and not to be expected.

However, to bring a disease within the definition of an accidental injury, the inception thereof " must be assignable to a determinate or single act, identified in space or time." (*Matter of Lerner* v. *Rump Bros.*, *supra*; *Matter of Jeffreyes* v. *Sager Co.*, *supra*; *Matter of Connelly* v. *Hunt Furniture Co.*, *supra*; *Wager* v. *White Star Candy Co.*, *supra*; *Rosenthal* v. *National Aniline & Chemical Co.*, 216 App. Div. 588.) In *Matter of Jeffreyes* v. *Sager Co.* (*supra*) it is said: " The word ' accident ' * * * denotes an event which occurs upon the instant rather than something which continues, progresses, or develops." In *Matter of Lerner* v. *Rump Bros.* (*supra*) the court says: " In this State the *Jeffreyes Case* (*supra*) excludes cases of voluntary prolonged contracts resulting in disease from the field of accidental injuries."

The complaints in these actions allege that the employees drank contaminated water during the months of September, October and November, 1926. It will require the testimony of physicians to determine whether or not the disease was contracted by the employees from a single drink of water, or whether it developed from the drinking of the contaminated water for a long period of time. That point cannot be determined in advance of a trial upon the facts.

The motion in each case is, therefore, denied, with ten dollars costs to the plaintiff to abide the event of the action.