## SANDONATO v. CARBORUNDUM CO.

### 1862–A.

District Court, W. D. New York.
Nov. 6, 1936.

William L. Clay, of Rochester, for plaintiff.

Harold J. Adams, of Buffalo, for defendant.

RIPPEY, District Judge.

There are two motions before the court. The first motion was made by the plaintiff for leave to amend his complaint to show, in substance, that no injurious exposure occurred since September 1, 1935, and the second motion was made by the defendant to dismiss the complaint as to the first and third causes of action.

As to plaintiff's motion to amend, the papers that there presented upon the argument were insufficient to warrant the granting of the motion, and the court stated that it would grant leave to the plaintiff to present an affidavit by plaintiff to supply the necessary facts. Such an affidavit was presented, verified under date of October 28, 1936. The affidavits on plaintiff's part still fail to present the necessary facts to warrant the court to grant an amendment of the complaint. Three complaints have been served. The motion is to amend the second amended complaint. It would seem that it might be of interest to the defendant to have the complaint amended in the way in which plaintiff desires to amend. The action was commenced on July 8, 1936. Although no excuse has been presented for failure to properly allege the facts as to which the plaintiff seeks to amend in any one of the three previous complaints, it seems to the court in the interest of justice in bringing this case to issue and getting it to trial that the amendment should be allowed. It is understood that the effect of the amendment is solely to show that no injurious exposure of the plaintiff occurred subsequent to September 1, 1935. The plaintiff is therefore permitted to file and serve an amended complaint, or, according to the proper practice of this court, to file the amendment and serve a copy thereof upon the defendant's attorney, within ten days from the date of this order.

If the plaintiff sees fit to take advantage of permission given by the court to file the amendment, the question of the dismissal of the first cause of action would no longer be before the court. To dispose of the defendant's motion to dismiss, however, a consideration of that matter will be given. The complaint now before the court and a bill of particulars, together with the affidavits upon which the defendant's motion is based, indicate that the plaintiff was employed by the defendant from some time in 1921 until on or about February 7, 1936, and that during such period plaintiff contracted an occupational disease. The defendant asserts that the court is without jurisdiction because the disease which plaintiff has alleged that he acquired is included in the compensable diseases under the Workmen's Compensation Law of the state of New York (Consol. Laws, c. 67, §. 3, subd. 2, as amended on March 26, 1935 (chapter 254). It is the contention of the defendant that the complaint must show upon its face that plaintiff did not acquire the disease in question subsequent to the date of such amendment. As the complaint now stands, proof might be offered and, upon proper evidence, a finding might be made that the disease was acquired prior to the date when this amendment became effective, on September 1, 1935, and recovery might therefore be had in this court. The court cannot dismiss the complaint under those circumstances on the ground of lack of jurisdiction. Whether or not the complaint should be made more definite and certain or whether other relief should be granted whereby defendant should be advised as to when the disease in question was acquired is not now before the court. It thus becomes unnecessary for the court at this time to pass on the question as to whether the disease which the plaintiff is alleged to have acquired is an occupational disease, within the meaning of the Workmen's Compensation Law, as amended, so that the New

York State Industrial Board would have sole jurisdiction to determine what compensation, if any, plaintiff could receive for his alleged injuries. Defendant also moves to strike out the third cause of action, which is based on the alleged fraudulent concealment from the plaintiff of the presence of silica dust and poisonous substances in the atmosphere, on the ground, primarily, that the facts stated therein do not constitute a cause of action.

Defendant's motion to dismiss the complaint is denied, but his motion to strike out the third cause of action must be granted.

It is so ordered.