## MAPES v. MASSEY–HARRIS CO., Inc.

District Court, W. D. New York.
June 7, 1937.

Benjamin J. Farber, of Rochester, N. Y., for plaintiff.

Harold J. Adams, of Buffalo, N. Y., for defendant.

KNIGHT, District Judge.

This action is brought to recover damages alleged to have been sustained by the plaintiff as a result of contracting the disease known as silicosis through the negligence of the defendant. Defendant moves to dismiss the complaint upon the ground that the court has no jurisdiction.

█ It is defendant's contention that the common-law right of action is superseded by the provisions of the Workmen's Compensation Law (Consol.Laws, c. 67). Prior to September 1, 1935, silicosis did not come within the provisions of the Workmen's Compensation Law of the state of New York. By the act effective on such date, any and all occupational diseases were included in the law. This inclusion of "any and all occupational diseases" is added paragraph 28 to Group 20, section 3. Following this added paragraph, there is in the same act the limiting provision that "nothing in group [paragraph] twenty-eight of this subdivision shall be construed to apply to any case of occupational disease in which the last injurious exposure to the hazards of the disease occurred prior to September first, nineteen hundred thirty-five."

On June 6, 1936, Article 4-A (sections 65–72) was added to the Workmen's Compensation Law. This article is entitled, "Silicosis, and Other Dust Diseases," and by its provisions silicosis and other dust diseases are treated separately. It deals with preventative methods, compensation paid for disability or death, liability, medical treatment, and other kindred matters. By amendment effective June 6, 1936, the hereinbefore set forth limitation in the application of paragraph 28 was further limited to provide that it shall not apply to "any disability or death due to any disease described in article four-a of this chapter." The two limitation provisions to which we have referred should be read together. When so read, it seems that the intention was that the workman would have his common-law remedy where the last injurious exposure occurred prior to September 1, 1935, and that article 4-A is applicable only to cases in which injurious exposure occurred subsequent to such date. The remedy afforded by the Workmen's Compensation Law does exclude other rights and remedies which arose subsequent to September 1, 1936. It does not affect

those which arose prior thereto, except as limited as hereinbefore stated.

The complaint does allege that plaintiff continued in his employment from 1928 to February 15, 1937; that the atmosphere in which plaintiff worked was constantly filled with fine particles of sand or material in the nature of dust; that the plaintiff was constantly in said atmosphere; and that defendant did not provide the plaintiff with mask or other protection and that by reason thereof plaintiff constantly inhaled the impurities in said atmosphere. These allegations, however, must be read in connection with paragraph 19 of the complaint, which alleges that "condition of the plaintiff has been caused solely by continuous exposure of the plaintiff, for a period of years, by the conditions hereinbefore alleged; that the plaintiff's condition could not have asserted itself, nor could it have been contracted by the plaintiff on account of having been exposed to the aforesaid conditions subsequent to September 1, 1935." This is tantamount to a declaration that the plaintiff contracted the disease of silicosis prior to September 1, 1935. It is not conceded, as claimed by the defendant, that plaintiff was injuriously exposed after September 1, 1935. Plaintiff may have been constantly exposed and yet not injuriously exposed. It is claimed by the plaintiff that the plaintiff has not been disabled from pursuing his occupation. Article 4-A, § 66, provides that compensation shall not be payable for partial disability. Article 4-A, § 67, provides that the employer is liable only in case "such disability results within one year after the last injurious exposure in such employment." In the event plaintiff does not suffer either temporary or permanent disability or death prior to February, 1938, he would be remediless.

The allegations of the complaint herein must be deemed to be true. It seems to me, therefore, that the question of whether exposure prior to September 1, 1935, was injurious is one which may be determined upon the trial. Scheerens v. E. W. Edwards & Son, 133 Misc. 616, 232 N.Y.S. 557, 558. In Mutolo v. Utica General Jobbing Foundry, Inc., 161 Misc. 327, 292 N.Y.S. 14, decided December 5, 1936, facts exactly parallel to those presented here, so far as material questions are concerned, are presented. There the court held on a motion to dismiss the complaint that it had jurisdiction. Sandonato v. Carborundum Co. (D.C., W.D. of N.Y.) 19 F.Supp. 655, decided November 6, 1936, Rippey, J., also supports the view here held.

Motion denied.