HARRY W. TOUT, Appellant, v. DOMENICK LOGAN, Defendant, and the LIBERTY BANK OF BUFFALO, Respondent.— Order so far as appealed from reversed on the law, without costs of this appeal to either party, and motion denied, without costs. See memorandum filed in companion case (*Tout* v. *Logan, ante*, p. 820), decided herewith. All concur, except Taylor, J., who dissents and votes for affirmance. (The portion of the order appealed from grants a motion to vacate plaintiff's notice of examination of an officer of defendant bank before trial.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Compulsory Judicial Settlement of GEORGE ADAMSKI, as Administrator, etc., of JULIA ADAMSKI.— Decree affirmed, without costs of this appeal to any party. Memorandum: This matter was submitted to the surrogate for decision on the facts contained in the petition for letters of administration, the petition for a compulsory accounting and the answer thereto of the respondent. No formal stipulation appears in the record on appeal. In appellant's brief appears the statement: " The answer sets forth the facts surrounding the giving of the bond and mortgage and rendered it unnecessary to take proof before the surrogate. The whole matter was submitted to the surrogate upon the facts set forth in the petition for letters of administration, petition to compel judicial accounting and answer," and in respondent's brief is the statement: " The facts are conceded and undisputed." The learned surrogate had before him, then, the following facts: On August 8, 1919, respondent acquired title to a farm of fifteen acres in Niagara county. The purchase price was paid from his own funds. In 1923 respondent sold and conveyed said farm to Clara Carl Sahl who in turn executed a bond and mortgage in amount of $6,300 to respondent and his wife, Julia, the decedent. The bond and mortgage were so drawn " for the sole purpose and intent that said mortgage should be the joint personal property of the said George Adamski and Julia Adamski to the end and purpose that upon the death of either, it should go to the survivor, and that that was the intent and purpose of both the respondent and his said wife, Julia Adamski, at the time said bond and mortgage was executed and delivered, as the said Julia Adamski at that time the wife of the respondent had no interest in said farm lands and did in fact own separate real estate of her own." (Answer.) Clara Carl Sahl retired the bond and mortgage by paying to respondent approximately $6,000, which respondent deposited in his personal account and at all times thereafter treated said moneys as his own. Respondent received no property or assets belonging to the estate of Julia Adamski. On these conceded and stipulated facts the learned surrogate was fully justified in holding that the proceeds of said bond and mortgage belonged to respondent and in denying the application to compel him to account therefor. (*Belfanc* v. *Belfanc*, 252 App. Div. 453, 456.) All concur. (The decree denies an application to compel an accounting by the administrator.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.