JOSE DELBUSTO, Plaintiff, *v.* E. I. DUPONT DENEMOURS & COMPANY, INC., Defendant.

Supreme Court, Niagara County, June 6, 1938.

*William L. Clay* [*Walter F. Cherry* of counsel], for the plaintiff.

*Abel Klaw* and *Franchot, Runals, Cohen, Taylor & Rickert* [*Thomas G. Rickert* of counsel], for the defendant.

HARRIS, J. After issue has been joined herein the defendant moves for judgment on the pleadings. (Rules Civ. Prac. rule 112.)

The complaint herein alleges three causes of action, one being based on alleged violations of the statutory provisions of the State Labor Law; the second being based on alleged violations of the rules of the State Industrial Board adopted pursuant to the Labor Law, and of the Penal Law, section 1275; and the third cause of action alleging negligence on the part of the defendant in violating the provisions of the State Labor Law and the State Industrial Board rules. Each cause of action alleges that the plaintiff became partially disabled since December 9, 1937; that the cause of such disability was not accidental; that the plaintiff did not become and is not totally disabled, and that the disability does not come within the purview of the Workmen's Compensation Law. The injury as alleged in the complaint is silicosis or dust disease.

The answer admits the employment and otherwise is a general denial except that in the answer the defendant alleges compliance on its part with the Workmen's Compensation Law and sets up the defense of the Statute of Limitations against the third cause of action.

In alleging in his complaint that the disabilities were not within the scope of the Workmen's Compensation Law, the plaintiff attacks the constitutionality of subdivision 2 of section 3 of the Workmen's Compensation Law, as amended by the Laws of 1935, chapter 254, article 4-A, as enacted by the Laws of 1936, chapter 887. The attack on the constitutionality of the above-mentioned

statutes is a claim that they violate the Fourteenth Amendment of the Constitution of the United States and section 6 of article 1 of the Constitution of the State of New York.

On this motion the questions before the court are, *first*, whether or not the Legislature took away from the plaintiff his common-law right of damages for partial disability; and, *second*, if such right of action was taken away, was it done without providing another or different remedy, and thus in violation of the Constitutions of the United States and of the State of New York.

Prior to the enactment of chapter 254 of the Laws of 1935, the Legislature had made no provision for a remedy in the Workmen's Compensation Law for the occupational disease known as silicosis. By chapter 254 of the Laws of 1935 the Legislature added a paragraph 28, and thus brought under the Workmen's Compensation Law " any and all occupational diseases " except those in which the last injurious exposure to the hazards of the disease occurred prior to September 1, 1935. By chapter 887 of the Laws of 1936, the Legislature amended said paragraph 28 by adding after the words " September first, nineteen hundred thirty-five," the further verbiage, " nor to any disability or death due to any disease described in article four-A of this chapter." Such article 4-A provided, in so far as it applies to the motion herein, as follows: Section 66. " Compensation shall not be payable for partial disability due to silicosis or other dust disease. In the event of temporary or permanent total disability or death from silicosis or other dust disease, notwithstanding any other provision of this chapter, compensation shall be payable under this article to employees in the employments enumerated in section three of this chapter."

Paragraph 2 of that section provides: " Compensation payable hereunder shall be paid from the eighth day following total disablement."

Paragraph 3 thereof provides: " Notwithstanding the provisions of section twenty-eight of this chapter, all claims for compensation resulting from inhalation of harmful dust, where the last exposure occurred between the effective date of this act and September first, nineteen hundred and thirty-five, shall be barred unless filed within one hundred and eighty days from the day on which this act takes effect."

Section 67. " An employer shall be liable for the payments prescribed by this article for silicosis or other dust disease when disability of an employee resulting in loss of earnings shall be due to an employment in a hazardous occupation in which he was

employed, *and such disability results within one year after the last injurious exposure in such employment;* \* \* \* The provisions of section forty-four of this chapter shall not apply to claims arising under this article."

Section 72. "Alternative remedy. The liability of an employer prescribed by this article shall be exclusive and in place of any other liability whatsoever, at common law or otherwise, to such employee, \* \* \* on account of *any* injury, disability, or death, caused by the inhalation of harmful dust, except that if an employer fail to secure the payment of compensation for his injured employees and their dependents as provided in section fifty of this chapter."

By chapter 271 of the Laws of 1937, effective July 1, 1937, the Legislature further amended section 66 above quoted by adding a sentence providing for reasonable funeral expenses in the event of death.

In support of his argument that the Legislature has not included partial disability in the Workmen's Compensation Law and has left the sufferer therefrom a right of action at common law or under the Labor Law or Industrial Rules, the plaintiff points to the amendment contained in section 66 of article 4-A above mentioned as contrasted to the inclusive provision of paragraph 28 of section 3, as amended by chapter 254 of the Laws of 1935, and says that this change is indicative of the intention of the Legislature to restore an action at law to one who suffers from partial disability. This court cannot agree with this conclusion advanced by the plaintiff, because it is of the opinion that after further study of the burden of the disease upon industry, the Legislature decided that the employer should bear the burden of the effects of total disability and that the employee should bear the burden arising from partial disability.

With this conclusion in mind, this court approaches then the question of the constitutionality of such action on the part of the Legislature. Since the 1913 amendment of the New York State Constitution (Art. 1, § 19), the courts have consistently held that in providing for certain losses to the employee due to the injuries, diseases and dangers of his employment, which provision under certain conditions gave him an absolute right to compensation, the Legislature could take from the employee certain other rights of action that he had at law, and that he had to bear the loss of those rights and be compensated therefor by the absolute right to payment under certain other conditions arising out of the same injuries, diseases and dangers. This balancing of the absolute

right to compensation as against the loss of other rights at law, is illustrated by such provisions of the Workmen's Compensation Law as in section 12, which originally provided that no compensation be allowed for the first fourteen days of disability unless such disability continued more than forty-nine days, even though death ensued prior to the expiration of the forty-nine-day period (*Matter of Gorle* v. *Joy Co.*, 230 N. Y. 595), and now provides that no compensation shall be allowed for the first seven days of disability unless the disability continues more than thirty-five days (except for the provision for medical attention as given in section 13); section 40, which places a time limit on the recovery when the disease is due to employment; section 15, which in subdivision 5 limits the total amount to be paid in the way of compensation.

This court is of the opinion that in enacting that portion of section 66 of article 4-A of the Workmen's Compensation Law (Laws of 1936, chap. 887) which provides " Compensation shall not be payable for partial disability due to silicosis or other dust disease," the Legislature determined that in compelling the employee to bear the burden of partial disability it was a burden that he should, in accordance with the Constitution, be compelled to bear in return for the compensation allowed him for total disability or death from silicosis or other disease. Citations of cases that have been of value in considering this matter are: *Shanahan* v. *Monarch Engineering Co.* ([1916] 219 N. Y. 469); *Repka* v. *Fedders Mfg. Co.* ([1933] 239 App. Div. 271; affd., 264 N. Y. 538); *Barrencotto* v. *Cocker Saw Co.* ([Dec. 1934] 266 id. 139); *Farnum* v. *Garner Print Works* ([May, 1918] 184 App. Div. 911; affd., no opinion, 229 N. Y. 554); *Morris* v. *Muldoon* ([Feb. 1920] 190 App. Div. 689; affd., 229 N. Y. 611); *Jensen* v. *Southern Pacific R. R. Co.* ([1915] 215 id. 514; revd., on other grounds, 244 U. S. 205).

In view of the conclusions reached by the court as above stated, the motion of the defendant for judgment herein is granted and the complaint is dismissed.