**LIGIECKI v. E. I. DUPONT DeNEMOURS & CO., Inc.**

**No. 745.**

District Court, W. D. New York.

July 9, 1942.

William L. Clay, of Rochester, N. Y., for plaintiff.

Abel Klaw, of Wilmington, Del., and Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

Two motions are before the Court for its decision. One is a motion by the defendant for a summary judgment. The other is by the plaintiff for leave to amend his complaint.

Plaintiff worked for the defendant at its Niagara Falls, New York, plant for a period commencing in June, 1933, and ending in April, 1941. This is an action to recover damages for personal injuries allegedly caused by the harmful dust and vapors in the atmosphere of the plant. It was begun by the service of a summons and complaint on July 28, 1941. The complaint pleads a single cause of action. Among other things, it is alleged that the injuries were not accidental in nature and were "*not such injuries or diseases as* were at the time of the happening thereof within the purview of the Workmen's Compensation Act of the State of New York."

Defendant moves for summary judgment on the grounds: (1) that the Court lacks jurisdiction of the subject matter; (2) that the action is barred by the six-year Statute of Limitations applicable to an action at common law and by the ninety-day limitation created by Chapter 548 of the Laws of 1940, amending Section 66 of the Workmen's Compensation Law, Consol.Laws, N.Y. c. 67.

The motion to amend should first be considered. This was made subsequent to the submission of the motion for summary judgment. The material parts of the amendment are the allegation that the plaintiff was exposed to "no hazard of any nature after July, 1935", and the allegation that Section 66 of the Workmen's Compensation Law, as amended by Chapter 548 of the Laws of 1940 (N.Y.) is unconstitutional. While the Court might have

ground for denying the motion to amend, the new allegations are so closely allied with the questions raised on the motion for summary judgment and all may well be considered together.

Prior to September 1, 1935, the Workmen's Compensation Law of the State of New York made no provision for compensation for those suffering from silicosis and other dust diseases. Barrencotto v. Cocker Saw Co., Inc., 266 N.Y. 139, 194 N.E. 61; Del Busto v. E. I. Dupont De Nemours & Co., 167 Misc. 920, 5 N.Y.S.2d 174, affirmed 259 App.Div. 1070, 21 N.Y.S. 2d 417. By the Laws of 1933, Chapter 254, section 3, subdiv. 2, was amended by adding subsection 28, as follows:

"Any and all occupational diseases. Any and all employments enumerated in subdivision 1 of section 3 of this chapter. Nothing in group twenty-eight of this subdivision shall be construed to apply to any case of occupational disease in which the last injurious exposure to the hazards of the disease occurred prior to September first, nineteen hundred thirty-five. * * * This act shall take effect September first, nineteen hundred thirty-five."

By Chapter 887 of the Laws of 1936, in effect June 6, 1936, this same section and subdivision were further amended by adding the following: "Nor to any disability or death due to any disease described, in article four-a of this chapter."

By the same Chapter, Article 4-A, providing for relief for silicosis and other dust diseases, was added to the law. By the Laws of 1940, Chapter 548, section 66, Workmen's Compensation Law, was amended by adding the following:

"Liability· in damages for disability or death due to any disease described in article four-a of this chapter, in any case in which there was injurious exposure to the hazards of the disease prior to, and any exposure to such hazards subsequent to, September first, nineteen hundred thirty-five, shall be forever barred unless action therefor be begun within ninety days from the effective date of this act."

By the same Chapter of the Laws of 1940, section 67 was amended by the addition of the following: "Any exposure to the hazards of harmful dust in this state for a period of sixty days after September first, nineteen hundred thirty-five shall be presumed, in the absence of substantial evidence to the contrary, to be an injurious exposure."

Thus prior to September 1, 1935, sufferers from silicosis and other dust diseases had only their common law remedy. Subsequent to September 1, 1935, the Workmen's Compensation Law provided for compensation, except in cases where the last injurious exposure occurred prior to that date, thus in these latter cases preserving the common law remedy. Mapes v. Massey-Harris Co., Inc., 19 F.Supp. 667. This compensation relief was afforded under Section 3, subdivision 2, until the addition of Article 4-A. Even after the addition of Article 4-A, the common law remedy remained as to cases where the last injurious exposure occurred prior to September 1, 1935. However, by the amendment to Section 66, by Chapter 548 of the Laws of 1940, the time to commence these common law actions was limited to ninety days from April 16, 1940. Section 66 bears the heading: "*Compensation* payable for disability or death," and until the amendment by Chapter 548 was added, the benefits payable thereunder are in each instance therein referred to as compensation. The amendment, however, specifically states: "liability in damages" and "unless *action* therefor be begun," thus excluding the provisions of the Workmen's Compensation Law. The amendment limits the time to begin an action "in any case in which there was *injurious* exposure to the hazards of the disease prior to, and *any* exposure to such hazards subsequent to, September first, nineteen hundred thirty-five." The generation of harmful dust and vapors creates a hazard present in this industry not common to all other industries. The use of effective means of removal of these dusts and vapors may remove the risk of injury from them to a large extent, but, since the generation of the dusts and vapors continues, the hazards remain. The amendment to Section 66, therefore, is directed to cases where effective means of removal of dusts and vapors or prevention of injury therefrom are alleged to have been employed prior to or by September 1, 1935. Further support to this view is drawn from the fact that the Workmen's Compensation Law provides compensation for injury which· occurred subsequent to September 1, 1935.

If, as is contended by plaintiff, the words "any exposure" in the 1940 amendment to Section 66 is meant injurious exposure, then the amendment by the same Chapter (548 of the Laws of 1940 to Section 67)

was unnecessary. This latter amendment can have reference only to cases arising under Section 3 subdiv. 2 between September 1, 1935, and June 6, 1936, the effective date of Article 4-A, in which cases time to apply for compensation is also limited by Section 66 as originally enacted to 180 days from June 6, 1936. The amendment to Section 66 by Chapter 548 of the Laws of 1940 was not in existence at the time of the decision of this court in Mapes v. Massey-Harris Co., Inc., 19 F.Supp. 667, and Sandonato v. Carborundum Co., 19 F.Supp. 655, cited by the plaintiff, and those decisions are not at variance with the view held herein.

■ Since plaintiff alleges merely that subsequent to September 1, 1935, effective means of removal of harmful dust and vapors were employed by defendant and not that the generation of the dusts and vapors was eliminated, he, in effect, pleads at length that the hazard is still present, and his proposed amendment, "that plaintiff was exposed to no hazard after July, 1935," is contradictory and of no effect.

■ Plaintiff's injuries, if any, resulted from "occupational disease" as distinguished from accidental injury. The distinction is clearly pointed out in Goldberg v. 954 Marcy Corp., 276 N.Y. 313, 12 N.E. 2d 311, 313, where the Court said: "Thus an occupational disease is one which results from the nature of the employment, and by nature is meant, not those conditions brought about by the failure of the employer to furnish a safe place to work, but conditions to which all employees of a class are subject, and which produce the disease as a natural incident of a particular occupation, and attach to that occupation a hazard which distinguishes it from the usual run of occupations and is in excess of the hazard attending employment in general."

Vide also Lerner v. Rump Bros., 241 N.Y. 153, 149 N.E. 334, 41 A.L.R. 1122. The complaint and the bill of particulars detail the cause and the nature of the alleged injuries and such definitely describe the disease resulting therefrom as an "occupational" disease and a dust disease within the meaning of Article 4-A, supra.

■ The amendment to Section 66 of Chapter 548, supra, in constitutional. The legislature had the power to make this change in the period of limitations. Plaintiff was not thereby deprived of any common law right of action. This right arose nearly five years prior to the enactment of this amendment to Section 66. While it is true the legislature would have been powerless to take away the common law right of remedy and provide no relief, here it not only substituted relief as provided by the Workmen's Compensation Law, but a reasonable period of limitation was fixed in which to bring the common law action. The legislature had the power to fix a reasonable time and certainly it did in so far as the statute is applicable to this particular case. There are numerous federal and state authorities supporting this conclusion. Sturges v. Crowninshield, 4 Wheat. 122, 17 U.S. 122, 4 L.Ed. 529; Terry v. Anderson, 95 U.S. 628, 24 L.Ed. 365; Schmidt v. Merchants Despatch Trans. Co., 270 N.Y. 287, 200 N.E. 824, 104 A.L.R. 450, and cases cited; also note, 26 L.Ed. 886; 49 A.L.R. 1264. Mnich v. American Radiator Co., 263 App.Div. 573, 34 N.Y.S.2d 16, cited by plaintiff, is not authority for his position. The opinion clearly indicates the view that Chapter 548 of the Laws of 1940 is constitutional.

■■ It is plaintiff's contention that the complaint alleges a tort continuing until the time of the commencement of the action. This position can not be sustained. It is claimed there was no exposure subsequent to September 1, 1935, and the allegation that the tort was continuous to 1941 is, in effect, an allegation that there was injurious exposure after September 1, 1935. Upon this theory plaintiff was entitled to relief under the Workmen's Compensation Law only. Plaintiff's cause of action accrued prior to September 1, 1935, and the statute runs from the time it accrued. Schmidt v. Merchants Despatch Trans. Co., supra.

■ Plaintiff alleges that Section 3, subdivision 2, of the Workmen's Compensation Law, as amended by Chapter 254 of the Laws of 1935, and that Article 4-A in particular Section 66 and the 1940 amendment thereto are unconstitutional in that they provide compensation only for a total disability. By the proposed amended complaint, the plaintiff pleads a partial disability. The allegation of unconstitutionality is obviously directed to the 1940 amendment, supra, and his suit is based on the claim of injurious exposure arising before the effective date of the Workmen's Compensation Law relating to silicosis and dust diseases. In so far as Sec-

tion 66 purports to limit compensation to total disability, it can have no relation to the present cause of action. Plaintiff's contention is that even though Article 4-A does not prevent his suit for partial disability because it does not provide relief in general for plaintiff's suffering or partial disability, the whole of the Article is unconstitutional. Assuming Article 4-A is found unconstitutional for the reason given, Section 3, subdivision 2, supra, as it stood prior to the enactment of 4-A on June 6, 1936, would become effective. Subdivision 3, supra, provided relief for partial as well as total disability. The obvious purpose of the 1940 amendment was to bring to speedy disposition any rights to bring common law actions which arose before 1935, because the Workmen's Compensation Law has provided for relief for silicosis and dust diseases. Hence, assuming that Article 4-A is unconstitutional in so far as it deprives workers of relief for partial disability, still the purpose of the 1940 amendment to Section 66 has not disappeared, and it must be said that regardless of whether Article 4-A is constitutional as depriving plaintiffs of causes of action for partial disability, still it is constitutional in so far as it bars common law action arising before September 1, 1935, unless begun within ninety days from April 16, 1940.

For the reasons shown hereinbefore, it is not necessary to consider Section 72 of the Workmen's Compensation Law which provides that the liability of an employer prescribed by Article 4-A is exclusive.

Attention has been directed to the cases of Del Busto v. E. I. Dupont De Nemours & Co., Inc., 167 Misc. 920, 5 N.Y.S.2d 174; affirmed 259 App.Div. 1070, 21 N.Y. S.2d 417, appeal denied 284 N.Y. 817, 29 N.E.2d 975; Mnich v. American Radiator Co., supra; Pastecki v. Genesee Stone Products Co., Supreme Court, Erie County, New York, decided April 7, 1942, reversed July 1, 1942, 264 App.Div. 945, 36 N.Y. S.2d 799; Scherini v. Titanium Alloy Co., 286 N.Y. 531, 37 N.E.2d 237.

In Del Busto v. Dupont De Nemours & Co., Inc., supra [167 Misc. 920, 5 N.Y.S.2d 177], the court held Section 66 of Article 4-A, supra, so far as it related to its failure to provide for compensation for partial disability, constitutional. It was there said: "The legislature determined that in compelling the employee to bear the burden of partial disability it was a burden that he should, in accordance with the constitution, be compelled to bear in return for the compensation allowed him for total disability or death from silicosis or other disease." While this decision involved partial disability from December, 1937, the reasoning is applicable to the instant case arising before September, 1935, when considered in connection with limitation period fixed by the Act of 1940.

Mnich v. American Radiator Co., supra, involved the question of the sufficiency of the complaint which alleged continued exposure to the disease of silicosis from August 31, 1935, to April 23, 1937, but that no claim for damages was made because of exposure subsequent to August 31, 1935. It was held that the complaint stated a good cause of action as of August 31, 1935. The court, however, points attention to the fact that the action was commenced prior to the enactment of the amendment of 1940 and that the legislature intended the right of action should be preserved where there was injurious exposure prior to September 1, 1935, and exposure afterwards. It will be noted here that considered in connection with the complaint in that case the court apparently construed exposure to the hazard as used in 1940 amendment as something inherent in the nature of the employment. The Appellate Court reversed the trial court which held that the injury complained of was a single injury and the result of a continuous tort; and also that Sections 66 and 67 of Article 4-A, supra, are unconstitutional. In the light of the grounds urged in the lower court, the holding on appeal, in effect, was that Article 4-A is constitutional, in so far as it provides a short statute of limitations, and also that there was not a continuing tort. Also in referring to Del Busto v. E. I. Dupont De Nemours & Co., supra, the court reiterated its views that Article 4-A was constitutional in so far as it purports to except "partial disability" from the coverage of the Workmen's Compensation Law.

In Scherini v. Titanium Alloy Co., supra, the court did not pass upon the constitutionality of Article 4-A. Regardless, however, of any question as to the constitutionality of Article 4-A as to "partial disability", the ninety-day limitation provision is applicable.

Affidavits have been submitted by both the plaintiff and the defendant with the purpose to show the intent of the legis-

lature in the enactment of the aforesaid amendments to the Workmen's Compensation Law. It is believed that these must be considered here as purely hearsay. They found their initiation probably in the discussion between court and counsel, and it was then the view of the court that possibly some record of the proceedings looking to the enactment of these amendments in the committees of the legislature might be found.

The motion to amend the complaint with respect to "partial disability" is granted; otherwise denied.

The motion for summary judgment is granted.