**CONNER v. E. I. DU PONT DE NEMOURS & CO., Inc.**

No. 754.

District Court, W. D. New York.

March 10, 1943.

William L. Clay, of Rochester, N. Y., for plaintiff.

Abel Klaw, of Wilmington, Del., and Franchot, Runals, Cohen, Taylor & Rickert, of Niagara Falls, N. Y., for defendant.

KNIGHT, District Judge.

Cross motions, by defendant for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and by plaintiff for leave to file and serve an amended complaint. Briefs have been presented on behalf of both parties and the matter submitted to the court for decision.

Both motions denied.

The original complaint, viewed with the bill of particulars in the action, alleges in substance, as follows: That the plaintiff was employed from September 24, 1933, to September 2, 1938, in a factory operated by the defendant in Niagara Falls, New York; that during such period of employment the defendant violated certain provisions of the Labor Law, Consol.Laws, ch. 31, as a result of which plaintiff was exposed to various gases and dust from which he contracted tuberculosis, silicosis, heart injuries, and various aggravations thereof, and that such diseases and injuries were not, at the time of the contracting thereof, within the purview of the Workmen's Compensation Law, Consol. Laws, ch. 67; that the plaintiff continued in the employ of the defendant to September 2, 1938, but that the last injurious exposure occurred during July, 1935.

Previous to this action, plaintiff brought two other actions in this district, both against Roessler-Haslacker Chemical Company (a New York corporation), one other Delaware corporation and also the present defendant, the actions being numbered

Civil 638 and Civil 670. The complaints in each action were identical and in each the defendants appeared specially and successfully moved to vacate service and to dismiss on the ground of lack of jurisdiction.

■ The original complaint in this present, third action, is identical with those in the first and second, except for the omission of the two other defendants, but this, nevertheless resulting in the necessary diversity of citizenship for this court to acquire jurisdiction. Plaintiff's proposed amended complaint presents two causes of action, both arising out of the same employment and derogation of duty by defendant alleged in the original complaint. The first cause of action presents a claim for the disease of tuberculosis arising from the various gases to which the plaintiff alleges he was exposed, and the second cause alleges general injuries from the various dusts to which he alleges exposure. This is the third action and the fifth complaint before this court for relief between these parties. Under the complaint proposed to be amended, when considered in connection with the Bill of Particulars, proof can be made of tuberculosis, silicosis, or general injuries, and therefore the motion to amend should be denied.

Defendant's motion for judgment on the pleadings is on three grounds: (1) that the action is barred by section 48(2) of the New York Civil Practice Act requiring actions on statutory liability to be commenced within six years from the accrual of the cause of action; (2) that the action is barred by Section 66, Article 4-A Workmen's Compensation Act, Consol.Laws Ch. 67, requiring "dust disease" actions to be begun within 90 days after April 16, 1940; (3) that this court has no jurisdiction over the subject matter of the action.

■ With respect to the first ground of defendant's motion for judgment, it is the court's opinion that in view of the wide latitude of evidence admissible under the complaint that decisions of this nature are more properly reserved until the evidence is presented, and accordingly the motion is denied as to this ground without prejudice to renewing the same at trial in the light of the evidence submitted.

■ Defendant's second ground urged in support of the motion is presented in reliance on my decision in the case of Ligiecki v. E. I. Dupont DeNemours, D.C., 46 F.Supp. 266, decided July 9, 1942. The holding in that case is that an action for a "dust disease" within the meaning of Article 4-A, supra, must be brought within 90 days after April 16, 1940, the case being presented and my decision being based on the ground that the allegations of the complaint and the bill of particulars restricted proof to a "dust disease" within the meaning of Article 4-A, supra, and the 90-day limitation imposed by section 66 of Article 4-A applied to bar the action.

In the present action, however, the complaint is sufficiently broad in scope, as supported by the bill of particulars, to permit proof of gaseous inhalations and non-dust diseases, and the plaintiff is entitled to present his proof at the trial and defendant's motion to the complaint is not well taken on this ground at this time.

■ The third and final ground on which defendant bases its motion for judgment on the pleadings is that the court lacks jurisdiction of the subject matter of the action in that Article 4-A of the Workmen's Compensation Act provides that jurisdiction of "dust disease" cases is vested exclusively with the New York State Department of Labor. The defendant in support of this argument takes the position that the plaintiff's employment extended from September 1, 1935, to September 2, 1938, and that Section 67 of Article 4-A provides that any exposure to hazards of harmful dust for a period over 60 days after September 1, 1935, shall be presumed, in the absence of substantial evidence to the contrary, to be an injurious exposure; that the Compensation Act provides for exclusive jurisdiction in the New York State Department of Labor for "dust diseases" where the last exposure occurred after September 1, 1935. There are two answers to defendant's position. First, the argument is based on the contention that the present complaint will permit proof only of a "dust disease", the same argument proposed by defendant in support of its second ground herein, and this has already been disposed of in this opinion. The second answer is that the common law right of action is preserved under Article 4-A, even though the employee continued to be exposed to the hazards of a "dust disease" after September 1, 1935. See in

this connection Mnich v. American Radiator Co., 289 N.Y. ——, 45 N.E.2d 333.

The motion to amend the complaint is denied.

The motion for judgment on the pleadings is denied.